## NATHAN GOOLSBY V. STATE

No. 29,598. March 12, 1958.
Appellant's Motion for Rehearing Overruled
April 30, 1958.

*Frank Mabry* and *George Donalson,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Thomas D. White,* Assistants District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is operating a motor vehicle while his operator's license was suspended; the punishment, a fine of $100.00.

Highway Patrolman Wolf testified that his attention was directed to the manner in which the appellant was driving his automobile, that he brought the appellant to a halt and asked to

see his driver's license, that the appellant replied that he had no license and, further, gave the witness his name and September 24, 1927, as being his date of birth.

Hearing Officer Thorpe testified that he was deputy custodian of the records of the Texas Department of Public Safety and that he had in his possession the file of Nathan Goolsby, whose license number was 321731; that such record revealed that the said license was originally issued September 7, 1950, had been revoked on March 31, 1951, and was again suspended on August 3, 1956, for a period of one year; that it showed him to be a white male born September 24, 1927, with green eyes, brown hair, five feet, seven inches tall, and weighing 140 pounds, who resided at 534 St. Mary's Street in San Antonio, and who had been convicted for driving while intoxicated in Bexar County on August 3, 1956.

The appellant did not testify or offer any evidence in his own behalf.

We shall discuss the contentions advanced by appellant's eminent counsel. He first says that the evidence is insufficient to support the conviction because the state did not introduce in evidence a certified copy of the judgment of conviction from the Bexar County court in which the appellant was convicted for driving while intoxicated. It is true that, had this offense been for driving while intoxicated as a second offender, such judgment would have been requisite proof, but the crux of the case at bar was that the accused drove a motor vehicle while his driver's license was suspended and the records of the Texas Department of Public Safety which reflected such suspension were admissible as prima facie evidence of the matters stated therein. Article 3731a, V.A.C.S.; Rice v. State, 163 Texas Cr. Rep. 367, 292 S.W. 2d 114, and the statutes therein cited.

Appellant next contends that his identity as being the individual who was convicted in Bexar County was not shown. In Rice v. State, supra, we said:

"The jury had opportunity to observe appellant and if there was any discrepancy in the description of the licensee and his appearance, the jury was in position to discover it."

In the case at bar, the trial was before the court, but the same rule would apply.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

DAVIDSON, Judge, dissenting.

Appellant was convicted of driving an automobile while his license as operator, commercial operator, and chauffeur was suspended, with punishment assessed at a fine of $100.

The attack on the sufficiency of the evidence centers around the proposition that appellant's license had expired at the time he was alleged to have driven the automobile and that if he was guilty of any offense it was driving without a license rather than driving while the license was suspended.

The license involved was issued to appellant on September 7, 1954, and by operation of law expired two years thereafter, on September 7, 1956.

On August 3, 1956, one month and four days before the expiration of the license, it was automatically suspended because of a conviction on that date for driving while intoxicated.

The date of the offense here charged was March 31, 1957, which was approximately six months after the license expired and seven months after its suspension.

The question, then, is: Did appellant drive while his license was suspended, or did he drive without a license? Stated another way: Did the license expire and die with the expiration date, or did the suspension keep the license alive during the period of suspension?

In Bryant v. State, 163 Texas Cr. Rep. 544, 294 S.W. 2d 819, we held that a license which had expired could not be suspended.

By the same process of reasoning, then, a suspension can not keep alive a license that expires of its own terms. A suspension can no more keep alive an expired license than it can restore one that has expired.

When a license expires it passes out of existence. Unless and until the applicant secures a new license he has no license, and any driving under those conditions would constitute driving without a license.

The statute relative to license suspension must therefore be construed as having reference to the period for which the license was issued.

The instant facts show a driving without a license and not a driving while the license was suspended.

It may appear that the difference between driving without a license and driving while the license is suspended is trivial and a matter of little consequence. Such, however, is not true. There is a vast difference. The difference lies both in the minimum and the maximum punishment allowed to be inflicted.

For driving without a license the penalty is a fine of not to exceed $200 (Art. 6687b, Sec. 44, Vernon's R.C.S.).

For driving while a license is suspended the penalty is a fine of not less than $25 nor more than $500 "and, in addition thereto, there may be imposed a sentence of imprisonment not to exceed six (6) months." (Art. 6687b, Sec. 34, Vernon's R.C.S.)

While it is true that in the instant case the punishment inflicted upon appellant is within that prescribed for each offense, yet we are here laying down a rule that will control in all instances, including those where the heavy penalty has been assessed for driving while the license is suspended upon facts showing a driving without a license.

The evidence being insufficient to show that appellant's license was suspended at the time he drove the automobile, the judgment should be reversed and the cause remanded.

So much for that phase of the sufficiency of the evidence to support the conviction.

I now pass to a discussion of the holding of my brethren that the proper method of proving a suspension of an operator's license is by recourse to the records of the Texas Department of Public Safety.

The announcing of the rule, as here, by this court, the court of last resort in criminal cases, that recourse to a record of a department of the state government, against all objections including hearsay and the best-evidence rule, is indeed astounding.

Here, the state charged that appellant's license to operate an

automobile over the public highways of this state had been suspended and thereafter he drove an automobile while his license was suspended.

Obviously, under that accusation, the state assumed the burden of establishing, by proof, three fact situations: (a) that the appellant had been issued a license to operate a motor vehicle, (b) that the license had been lawfully suspended, and (c) that while the license was suspended he operated a motor vehicle over the highways of the state.

How did the state meet that burden? They proved by the witness Thorpe, who resided in Houston, Harris County, and who was the "Hearing officer with the Department of Public Safety" in the district office in that city, that he ordered and received from the Department of Public Safety in Austin "the record of the defendant Nathan Goolsby."

The witness testified that the record which he received from the Texas Department of Public Safety showed that a license was issued to Nathan Goolsby on September 7, 1954, for a period of two years.

All of this testimony was admitted over the repeated objection of the appellant that it was hearsay, a violation of the best-evidence rule, and an admission by the witness that "this man and those records are one and the same man (sic)."

The state did not see proper to rest, upon the testimony of the witness Thorpe, alone, proof of the fact that appellant had been issued a license, but sought to make proof of the same fact by the witness Wolf, a patrolman for the Texas Department of Public Safety and the arresting officer in this case.

From the information he had, the witness testified:

("Q. In furtherance of your investigation, did you determine that on March 31, 1957, the Texas Operator's license of *this Nathan Goolsby here* was in a state of suspension?) A. They were."

The trial court sustained appellant's objection by striking therefrom the identification of the appellant as being the Nathan Goolsby whose license had been suspended, as shown by the "investigation" of the witness.

As to the hearsay declaration of the witness that his investigation showed that on March 31, 1957, the Texas operator's license of Nathan Goolsby was in a state of suspension, appellant objected and the objection was overruled.

The foregoing is the state's testimony which is relied upon to show that appellant had been issued a license to operate a motor vehicle over the public highways of this state—all of which is the rankest sort of hearsay, without any records having been introduced and the failure to introduce such records justified or explained.

But the state must prove that the license, the existence of which it established by hearsay testimony, was validly and lawfully suspended during the life thereof. How does the state make that proof?

The law provides various ways by or through which a license to operate a motor vehicle is or may be suspended. One of these is that which says that "the license of any person shall be automatically suspended upon *final conviction* of any of the following offenses," of which one is "driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs." (Art. 6687b, Sec. 24, Vernon's R.C.S.) Suspension "in the first instance" is for a period of six months (Art. 6687b, Sec. 24, subsection (b), Vernon's R.C.S.).

It will be noted that there must be a final conviction for driving while intoxicated and that such conviction of and within itself automatically suspends the convict's license.

No governmental agency has anything to do with or is called upon to put into effect that suspension.

There is not a line of testimony in this case that this appellant was at any time or place convicted in any court of this state for driving a motor vehicle while under the influence of intoxicating liquor. No complaint, information, or indictment was introduced in evidence charging this appellant with any such offense. No judgment of conviction showing that this appellant was convicted of such an offense is found in this record.

Notwithstanding such facts, this court approved the sufficiency of the evidence to support the conviction, here, thereby destroying all rules against hearsay evidence, the best-evidence

rule, and the identity of the accused as the alleged prior convict. That this court would destroy those rules, is, to my mind, tragic.

The majority opinion holds that the records of the Texas Department of Public Safety "which reflected such suspension were admissible as prima facie evidence of the matters stated therein."

I find no authority for that statement in this record.

No records from the Texas Department of Public Safety were introduced in evidence. The only reference to suspension of the license was the hearsay declaration and oral statement of the state's witness that the records so reflected.

One of appellant's main objections was that such testimony was hearsay. That objection, according to my interpretation, was well taken and should have been sustained.

Moreover, it must be remembered that hearsay evidence establishes no fact and will neither support nor authorize a conviction.

The Department of Public Safety had no power or authority to suspend a license because of a conviction for driving while intoxicated. No act on the part of that department was necessary for suspension of the license for that reason, and no act on the part of that agency could have prevented a suspension for that reason. The suspension of the license because of a drunken-driving conviction rested solely in the judgment of conviction.

If any record of the Department of Public Safety reflected that there had been such a conviction, such was hearsay and without probative value. The judgment of conviction was the best evidence.

It is, in my opinion, nothing short of tragic that in order to affirm this case all rules which reject hearsay testimony and all rules touching its admissibility and probative force are to be destroyed.

If the records of the Texas Department of Public Safety are to be relied upon to prove a final conviction in the courts of this state, then by that same rule they may be relied upon to prove any other matter reflected in any record of the department, including ex parte statements, conclusions, and opinions, and including the guilt or innocence of one charged with crime.

To the affirmance of this case I respectfully enter my dissent.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant's able counsel has filed a forceful motion for rehearing in which he urges that we accept the dissenting opinion of our brother and hold that the judgment of conviction itself is the proper means of proving the prior automatic suspension resulting from a driving while intoxicated conviction and hold that the records of the Texas Department of Public Safety themselves do not constitute sufficient proof of such fact.

Section 22 (b) of Article 6687b, V.A.C.S., reads as follows:

"(b) The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction * * * *."

This was the fact that was required to be proven in a prosecution of this nature, and the state was not required to go back of such fact and prove the regularity of the prior proceedings.

He further urges that Section 3 of Article 3731a, V.A.C.S., was violated because he objected at the time a report (required by Section 25 of Article 6687b, V.A.C.S., and Section 152 of Article 6701d, V.A.C.S.) was offered in evidence in that he was not furnished a copy in advance of trial as required by said Act.

Recently, in Roberts v. State, 164 Texas Cr. Rep. 537, 301 S.W. 2d 154, we disposed of such contention by observing that the indictment put the accused on notice that such proof would be made. Though a different offense was before us in Roberts, we have concluded that the same reasoning should here apply.

Appellant next contends that this record fails to show that the conviction in the former driving while intoxicated case was a final conviction as defined in Subsection (c) of Section 25 of Article 6687b, supra. While it is true that the above subsection defines a conviction such as shall be reported, it is still the action of the Texas Department of Public Safety in Section 22 (b) of

Article 6687b, supra, which is required to be proven, and proof of the prior proceedings which brought about such action, though proper, are not indispensable at least where the suspension is automatic.

He also contends that the "report" hereinbefore mentioned is insufficient because it does not contain the information which is required by Section 152 of Article 6701d, V.A.C.S. In Rice v. State, supra, we had occasion to give application to Section 11 of Article 6687b, supra, which provides that each licensee shall be given a distinguishing number. The report of the prior conviction contained such distinguishing number and, we think, when taken with the records of the department, sufficiently identified the appellant.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

DAVIDSON, Judge, dissenting.

It is, to me, regrettable that the majority of this court announce, by the affirmance of this case, a direct and contrary holding to that of our Supreme Court and Courts of Civil Appeals upon the same question.

The charge against appellant was that he operated his automobile while his license was suspended. It was for that offense and none other that he was convicted. He was not charged with operating a motor vehicle without a license.

The undisputed evidence shows that appellant's license expired, according to its own terms, six months prior to the time the offense was alleged to have been committed.

So then, the majority of the court hold that one may be convicted of driving a motor vehicle while his license is suspended, notwithstanding the fact that the license expired by its own terms six months prior thereto.

The holding of our Supreme Court and two Courts of Civil Appeals in this state is directly to the contrary, for those courts hold that the license dies with its expiration date and that any suspension of the license ceases to exist with its expiration.

Indeed, it is the holding of those civil courts that the pendency of an appeal does not extend the license beyond the term

for which it is issued. Boston v. Garrison, et al, 256 S.W. 2d 67; Stogner v. State, (Ct. Civil Appeals) 309 S.W. 2d 470; Bryant v. State, 163 Texas Cr. Rep. 544, 294 S.W. 2d 819.

Under those authorities and the facts of this case, appellant could not have been guilty of operating a motor vehicle while his license was suspended.

In the interest of harmony between the holdings of this court and the Supreme Court, this court should follow the latter court and the Courts of Civil Appeals, first: because their holding is correct, and second: because they were first to pass upon and adjudicate the question.

In Jernigan v. State, No. 29,705, delivered April 9, 1958, (page 302, this volume), 313 S.W. 2d 309, we applied that rule followed the prior holding of the Supreme Court upon the same subject.

I dissent.