DICKIE SAVAGE V. STATE.

No. 30,668. April 22, 1959.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., David Ball, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The prosecution is under Art. 6687b, Sections 32(6) and 44, V.A.C.S.; the punishment assessed in county court at law on appeal from corporation court, a fine of $110.00.

One Dickie Savage, according to the notice sent by the clerk to the Texas Department of Public Safety, was convicted of "D. W. I." in County Court at Law of Cameron County on May 27, 1954.

At that time appellant had no license as an operator, chauffeur or commercial operator, and had never applied for either.

On April 30, 1958, appellant made an original application for an operator's license on the form provided by the Texas Department of Public Safety.

· The application sworn to and subscribed by appellant shows an "x" under "No" opposite the question "Have you ever been convicted of: Driving while intoxicated, * * *?"

The name, address, date of birth, occupation and description appearing in the application signed and sworn to by appellant are identical with those shown in the notice of conviction in 1954, save for a ten pound gain of weight.

The foregoing facts are relied upon by the state to sustain the conviction in the County Court at Law, on appeal from the corporation court, upon a complaint alleging that appellant falsely stated in his application for operator's license that he had never been convicted of driving while intoxicated.

The evidence is insufficient to sustain the conviction.

As proof of the falsity of appellant's statement in his application, that he had never been convicted of driving while intoxicated, the state relied alone upon the notice to the Texas Department of Public Safety, signed by the clerk of County Court at Law of Cameron County.

Rice v. State, 163 Texas Cr. Rep. 367, 292 S.W. 2d 114, was a conviction for second offense driving while intoxicated. Certified copy of the judgment in the prior conviction for driving while intoxicated was introduced. Records of the Driver's License Division of the Texas Department of Public Safety were also introduced showing the license issued to Rice, its subsequent renewal, and its suspension upon his conviction for driving while intoxicated in the court, on the date, and in the cause number shown by the judgment, copy of which was introduced.

We held that the records were admissible and together with the evidence that appellant's license bore the same name and number, was sufficient prima facie evidence to identify appellant as the defendant in the prior conviction.

The Rice case is not authority for the state's contention that the report of a conviction from the records of the Texas Department of Public Safety constitutes sufficient evidence of the conviction as well as of the identity of the defendant therein.

The state also cites Goolsby v. State, 166 Texas Cr. Rep. 180, 312 S.W. 2d 654. In that case Goolsby was charged with driving a motor vehicle while his operator's license was suspended.

The majority held that the Texas Department of Public Safety file on one Nathan Goolsby, showing the license number, date of issue, revocation, and suspension, date of birth, description and place of residence, and his conviction on a certain date, was admissible and was sufficient prima facie evidence *that his license was suspended* without the introduction of certified copy of the judgment in the cause in which he was convicted for driving while intoxicated.

The Goolsby case is not authority for the state's position that the records mentioned are alone sufficient to prove *the conviction* reported to the department where such conviction is an element of the offense. The majority opinion in the Goolsby case includes the following statement to the contrary:

"It is true that had this offense been for driving while intoxicated as a second offender, such *judgment* would have been requisite proof."

Here, as in a prosecution under Art. 802b, V.A.P.C., the state's case required proof of the fact that appellant had been convicted of driving while intoxicated (not that his license had been suspended).

The report of the clerk to the Texas Department of Public Safety pursuant to Art. 6701d, Sec. 152, and Art. 6687b, Sec. 25, V.A.C.S., was not alone sufficient to prove the falsity of appellant's negative answer to the question "Have you ever been convicted of driving while intoxicated?"

The judgment is reversed and the cause remanded.