## WOODROW ASHWORTH V. STATE

No. 34,278.   February 28, 1962
Motion for Rehearing Overruled April 25, 1962
Second Motion for Rehearing Overruled May 30, 1962

*Dave Wootton, Jr., Lloyd M. Lunsford,* South Houston, and *Philip A. Donisi,* Pasadena, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Carol S. Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is unlawfully parking a vehicle in a parking space after time for lawful parking had expired in violation of a Penal Ordinance of the City of Houston; the punishment, a fine of $101. The conviction resulted from a trial de novo, without a jury, in the County Criminal Court at Law, No. 3, Harris County,

pursuant to an appeal from a conviction in the Corporation Court of the City of Houston.

The evidence shows that an overtime parking ticket was issued upon a Mercury automobile, bearing 1960 Texas license plates, number TX 5251, about 4:42 P.M., on August 3, 1960. Said automobile was occupying a parking space in the 400 block of Fannin Street in the City of Houston. On the curb and adjacent to the parking space was a parking meter which showed a full red flag.

Roy Harris, Deputy Tax Collector of Harris County, testified that a license receipt was "* * * issued to this Woodrow Ashworth on TX 5251 of March 31, 1960." He further testified that a search of the records in his office disclosed this to be the only license receipt issued to Woodrow Ashworth for the year 1960 through August.

A transfer registration receipt by Woodrow Ashworth, showing license plates number TX 5251, dated November 2, 1960, was identified by the witness Harris and introduced in evidence.

Certified copies of the title history of the Mercury automobile obtained from the Texas Highway Department were introduced in evidence showing Woodrow Ashworth to be the owner on the date alleged in the complaint.

Appellant did not testify in his behalf.

We shall discuss the contentions advanced by appellant in his brief and oral argument.

It is contended that the certified copies of the title history were irregular on their face because some of the notarizations are illegible. An examination of the copies, which support appellant's ownership of the automobile, reveals the notarization clearly legible. Being regular on their face, the certified copies were admissible as prima facie evidence of the matters stated therein. Art. 3731a, V.A.C.S. and Goolsby vs. State, 166 Texas Cr. Rep. 180, 312 S.W. 2d 654.

Appellant next insists that the evidence is insufficient to identify him as the owner of the Mercury automobile that was parked in violation of the city ordinance on the date in question.

With this contention we do not agree. The certified copies of the title history and other evidence adduced by the State is suffi-

cient to establish appellant's identity as the owner of the Mercury automobile.

He further contends that there is fatal variance between allegation and proof because the complaint alleges that he "* * * did then and there unlawfully park a vehicle in a parking space * * *," while the proof shows only the ownership of the automobile.

In relation to this contention, Sec. 41-141, Code of Ordinances, City of Houston, reads as follows:

"When any person is charged with having parked or left standing a vehicle on any street in the city at a place on said street where parking of vehicles is prohibited, or with parking such vehicle on said street in a manner which violates the manner of parking a vehicle is designated, or with parking such vehicle for a length of time in excess of that allowed in the space where said vehicle was parked, proof that said vehicle was, at the date of the offense alleged, owned by the person charged with the offense, shall constitute prima facie evidence that said vehicle was parked or left standing at the place charged by said owner, but the owner shall have the right to introduce evidence to show that said vehicle was not parked by him as charged in the complaint."

In view of the foregoing, the variance complained of is not fatal because proof of ownership is prima facie evidence that the owner parked the automobile at the place charged. The contention is overruled.

The remainder of appellant's contentions attack the validity of the ordinance because the city failed to comply with the provisions of Sec. 41-6, Code of Ordinances, which states:

"Every regulation, designation, delineation or determination promulgated by the traffic engineer pursuant to the authority granted in this chapter shall, unless otherwise provided herein, be described in writing and filed with the city secretary. Such writing shall constitute a public record, and all persons shall be charged with notice of the contents of the same."

While we think that the report and findings of the traffic engineer should be filed, pursuant to the terms of Sec. 41-6, Code of Ordinances, we do not think that the failure to find and produce the traffic engineer's report at the time of the trial of this case in anywise invalidates the ordinance providing for parking meters

in the 400 block of Fannin Street in Houston, Harris County, Texas. We think Sec. 41-164, Code of Ordinances, "When any person is charged with having committed an offense under this article, proof that a parking meter was located at the parking space in connection with which the offense was committed shall constitute prima facie evidence that the parking meter was installed and the space laid out by order of the traffic engineer, and that its location and maximum parking time were designated by the traffic engineer," was not refuted by appellant's proof.

We think the various ordinances in question, upon which appellant levels an attack, are constitutional and that they are an exercise by the City of Houston of its police power to which all persons are subjected who use the public streets for the parking of motor vehicles. The City of Houston and all other cities of this State have the right to so regulate such use of its streets as to secure the rights therein of the people generally and protect them in the safe and convenient enjoyment thereof. This power exists at all times in the Legislature and in those inferior governmental bodies to whom it may be properly committed.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant again contends that the trial court erred in failing to find him not guilty because the traffic engineer's report was not filed in accordance with Section 41-6, Code of Ordinances, City of Houston.

In addition to what we said on original submission, we note that Section 41-6, supra, which is before us as appellant's Exhibit #1, provides that the traffic engineer's report "pursuant to the authority granted in this chapter shall, *unless otherwise provided herein*" be filed with the city secretary.

The entire Code of Ordinances was not introduced in evidence, and, not being before us, we are unable to determine whether the filing of the traffic engineer's report with the city secretary constitutes the sole method provided therein for giving notice of the contents of such report.

Appellant's motion for rehearing is overruled.