**Clinton Phelps WEST, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48574.**

Court of Criminal Appeals of Texas.

July 17, 1974.

Rodney L. Poirot, Dallas (Court-appointed) for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

Appellant was convicted by a jury of the offense of indecent exposure. Punishment was enhanced under Article 63, Vernon's Ann. P.C., and a life sentence assessed.

The record reflects that James Richard Ross was an eight-year-old male child. While playing in a park near his home, he observed appellant drive up in a white over red Ford automobile, unzip his pants, and

expose his private parts. James told his sister to go get his brother, Daryl. As the brother came to the scene, appellant drove off. A short time later appellant drove back by the scene. Daryl wrote the license plate number of the car on the sidewalk with a rock. The police were called to the scene. The next day, the boys identified appellant's picture from a police mug book. It was determined that the license plates were assigned to the white over red Ford car belonging to appellant. Each boy identified appellant at the trial.

■ In his first two grounds of error, appellant challenges the competency of James Richard Ross, age 8, and Daryl Ross, age 11, to testify. He contends that because of the young age of the witnesses they were not able to intelligently relate the transaction about which they were interrogated.

Prior to their testifying before the jury, the trial court heard the testimony of the boys and their pledge to tell the truth for fear of punishment. The court determined that both witnesses were competent to testify. This Court said in Fields v. State, 500 S.W.2d 500 (Tex.Cr.App.1973):

"The competency of a witness to testify is generally a question for determination by the trial court and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion is shown. 61 Tex.Jr.2d, Witnesses, Secs. 67, 47; 4 Branch's Ann.P.C.2d Sec. 1945, p. 264. Melton v. State, 442 S.W.2d 687 (Tex.Cr.App.1969).

" * * *

"Further, it is well established that even though a child states he does not know the meaning of an oath or what it means to swear, he may nevertheless be a competent witness if he knows it is wrong to lie and that he will be punished if he does so. . . .

"In determining, however, whether there has been an abuse of discretion, a review of the child's entire testimony, rather than the preliminary qualification, should be made in order to determine whether he was a competent witness. Jundt v. State, 164 Tex.Cr.R. 437, 300 S.W.2d 73 (Tex.Cr.App.1957); Hines v. State, 160 Tex.Cr.R. 284, 268 S.W.2d 459 (Tex.Cr.App.1954)."

We hold, after reviewing the entire testimony of the two boys, the trial court did not abuse its discretion in permitting them to testify. The grounds of error are overruled.

■ Next, appellant contends that the in-court identification by both Daryl Ross and James Richard Ross was improper because such identification was tainted by pretrial photographic identification. We disagree.

In compliance with Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969), the trial court conducted a hearing outside the presence of the jury and found that the pretrial photographic identification by the boys did not taint their in-court identification of appellant. Each boy testified that the appellant was the same person as the one in the white and red Ford on the day of the incident. They both testified as to having sufficient time, from a close range, on a bright day to see the appellant on that day. There is no testimony the boys ever identified any person other than appellant. The evidence does not indicate that improper suggestive procedures were used when the boys identified appellant's picture in the police mug book.

We do not find the pretrial procedure complained of to be impermissibly suggestive. Benson v. State, 487 S.W.2d 117 (Tex.Cr.App.1972); Clemons v. State, 505 S.W.2d 582 (Tex.Cr.App.1974). Furthermore, the evidence was sufficient to support the trial court's finding that the prior observation of appellant by the boys was sufficient to serve as an independent origin for the in-court identification. Ward v. State, 474 S.W.2d 471 (Tex.Cr.App.1972).

The ground of error is overruled.

During the direct examination of Officer Jan Montgomery, testimony was elicited that the mug book shown the Ross brothers contained pictures exclusively of men previously arrested for indecent exposure. Appellant objected to such testimony, his objection was sustained and at his request the jury was instructed to disregard same. He now challenges the court's action in denying his motion for mistrial. We overrule the ground of error.

Such testimony was improper. However, in view of the court's instruction, no reversible error is shown. See Fisher v. State, 493 S.W.2d 841 (Tex.Cr.App.1973); Cazares v. State, 488 S.W.2d 110 (Tex.Cr.App.1972), and Boykin v. State, 504 S.W.2d 855 (Tex.Cr.App.1974).

Appellant's challenge to the admission of State's exhibit 10–A is overruled. The exhibit was identified as a copy of the original registration certificate of a 1964 Ford automobile belonging to the appellant. The certificate was regular on its face and was admissible as prima facie evidence of the matters stated therein. Article 3731a, Vernon's Ann. Civ.Stat.; Ashworth v. State, 172 Tex. Cr.R. 383, 357 S.W.2d 573 (Tex.Cr. App.1962); Goolsby v. State, 166 Tex.Cr. R. 180, 312 S.W.2d 654 (1958).

We overrule appellant's ground of error complaining of the admission into evidence of State's exhibits numbers 11, 12 and 13 during the punishment phase of the trial. The three exhibits were prison packets of three prior convictions of appellant. Number 11 related to a conviction for indecent exposure in 1956; number 12 related to a conviction for robbery by assault; and number 13 related to a conviction for indecent exposure in 1964. Appellant contends he was not properly identified as being the person who was named in the prison packets prior to their introduction. After their admission, an expert witness testified that in his opinion the fingerprints contained in the three prison packets were identical to those he had previously taken of appellant.

Furthermore, appellant took the witness stand and admitted he was the person convicted in each of the three prior convictions. This Court stated in Simmons v. State, 493 S.W.2d 937 (Tex.Cr.App.1973):

"Appellant waived any objection about the proof of the prior convictions when he took the stand and admitted them. Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462."

In his seventh ground of error appellant contends the court erred in allowing the jury to consider the enhancement portion of the indictment during the penalty stage of the trial. Appellant first argues the 1956 conviction for indecent exposure, used for enhancement, is void because he was not represented by an attorney. Appellant testified he was not represented by counsel and the record reflects that no attorney's name appears on the trial docket sheet. However, there is testimony that the failure of the docket sheet to reflect an attorney's name does not necessarily mean that appellant was without counsel. A certified copy of the 1956 judgment recites that appellant "appeared in person, his counsel also being present. . . . ." The record also contains a jury waiver form signed by appellant which states that "R. A. Miller, attorney for the defendant," consented to appellant's waiver of his right to trial by jury.

The evidence before the trial court was sufficient to support the finding that appellant was represented by an attorney at the time of the 1956 conviction. Reeves v. State, 500 S.W.2d 648 (Tex.Cr.App.1973); Harvey v. State, 485 S.W.2d 907 (Tex. Cr.App.1972). We also note that the testimony does not show that the appellant was indigent at the time of his conviction or that he did not waive his right to counsel.

Appellant further contends that since the 1956 conviction was used to enhance the 1964 conviction under Article 62, V.A.P.C., to a 15-year sentence, it cannot be used in the present case to enhance pun-

ishment to life under Article 63, V.A.P.C. This Court has rejected such contention. Head v. State, 419 S.W.2d 375 (Tex.Cr. App.1967). Appellant's ground of error is overruled.

Appellant's contention that the punishment is cruel and unusual is overruled. Article 63, V.A.P.C., is applicable to a case of this type. Fobbs v. State, 468 S.W.2d 392 (Tex.Cr.App.1971). The constitutionality of the statute has been upheld by this Court against similar attacks. See Shaver v. State, 496 S.W.2d 604 (Tex.Cr.App. 1973). Rogers v. State, 486 S.W.2d 786 (Tex.Cr.App.1972), and Flores v. State, 472 S.W.2d 146 (Tex.Cr.App.1971).

Appellant's ground of error challenging the court's failure to grant his motion for an instructed verdict is overruled. We hold there was sufficient proof for the jury to conclude that the exposure occurred in a park located in Dallas County, Texas. Phillips v. State, 459 S.W.2d 632 (Tex.Cr.App.1970).

The judgment is affirmed.

Opinion approved by the Court.