**382**

Sylvan R. Alter and Larry J. Benson, San Antonio, for appellant.

Crawford B. Reeder, City Atty., Baldemar A. Jimenez and Steven W. Arronge,

Asst. City Attys., San Antonio, Jim Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of a parking violation. Punishment was assessed by the court at $150.

■ Initially, appellant contests the sufficiency of the evidence to support the conviction. Therefore, a review of the facts is necessary.

Officer Calvin Klaerner of the San Antonio Police Department testified that on July 26, 1971, at 2:40 P.M., he issued a ticket to a Volkswagen automobile bearing 1971 Texas license plates numbered HCB 84. The automobile was parked by a timed meter which showed "expired." Appellant stipulated that on July 26, 1971, he owned a Volkswagen with 1971 Texas license plates numbered HCB 84.

It was further stipulated that the Code of the City of San Antonio provides as follows:

"Sec. 38–74 *Violations*: It shall be unlawful and violation of the provisions of this article for any person:

"(a) to cause, allow, permit or suffer any vehicle registered in the name of, or operated by such person to be parked overtime, or beyond the period of legal parking time established for any parking meter zone as herein described, . . . ."

As applied to appellant, the foregoing ordinance required the State to prove the following elements to show a parking violation:

A) that appellant caused, allowed, permitted or suffered

B) a vehicle registered in the name of the appellant to be

C) parked overtime.

The evidence shows that a vehicle registered in appellant's name was parked overtime. The only remaining element necessary to be proved is that appellant caused the vehicle to be so parked. It was stipulated that the Code of the City of San Antonio states:

> "Sec. 38–97 *Owner Prima Facie Responsible.* When any vehicle is found parked in violation of any parking provision contained in this Chapter, such fact shall be prima facie evidence that the person in whose name it is registered, is guilty of a violation of the parking provision contained in this Chapter."

In view of Sec. 38–97, proof that an illegally parked vehicle was registered in appellant's name is prima facie evidence that appellant is guilty of a violation of Sec. 38–74. Since no evidence was submitted to rebut the presumption created by Sec. 38–97, the proof is sufficient to sustain the conviction. Ashworth v. State, 172 Tex. Cr.R 383, 357 S.W.2d 573.

Appellant's next contention is that Sec. 38–97 is unconstitutional as a violation of due process. Appellant asserts that in a statute establishing a presumption there must be some "rational connection" between the fact proved and the ultimate fact presumed. Essentially, appellant contends that there is no rational relation between the fact proved and the fact presumed in Sec. 38–97. As applied to appellant, the only fact presumed by Sec. 38–97 is that since appellant was the registered owner of an illegally parked vehicle, he was the person who caused, allowed, permitted or suffered the vehicle to be illegally parked. Ownership of a vehicle is sufficiently related to causing, allowing, permitting or suffering the vehicle to be in a certain location that such presumption is reasonable. Of course, the presumption is only prima facie evidence and may be rebutted. Appellant's contention is without merit and overruled. Cf. Ashworth v. State, supra.

The judgment is affirmed.