**Steve PURNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–01302–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 11, 1996.

Steve Purnell, Houston, pro se.

Benjamin L. Hall, Ronald J. Beylotte, Horace Teague, Houston, for Appellee.

Before TAFT, ANDELL and PRICE *, JJ.

## OPINION

TAFT, Justice.

A jury found appellant, Steve Purnell, guilty of violating the City of Houston sign ordinance [1] in cause number R0004040–6–1 in Municipal Court Three and assessed a $200 fine. Appellant appealed to the county criminal court at law, which affirmed the municipal court's judgment. Appellant challenges the facial constitutionality of the sign ordinance as vague, overbroad, a prior restraint of speech, and not requiring proof beyond a reasonable doubt of an overt act. We affirm.

### Background

Appellant was charged by complaint alleging that he knowingly used a sign bearing the message "10 hour business cards 782–0900" located at Hillcroft and Westpark without first having secured a written permit from the sign administrator of the City of Houston. Appellant filed a motion to quash for facial unconstitutionality raising substantially the same grounds pressed on appeal. The record reflects no ruling on the motion to quash. After conviction and assessment of punishment, appellant filed a motion for new trial raising most of the points presented on appeal. The trial court denied the motion. Appellant filed an appeal bond indicating that he gave notice of appeal to the county criminal court at law.

### Issues on Appeal

Appellant has filed three briefs during the course of this appeal. On February 16, 1994, appellant filed his original brief raising five points of error. On January 19, 1995, appellant filed an amended brief purporting to replace the brief filed on February 16, 1994. The amended brief appeared to raise an additional point of error, but actually divided point of error four into two points of error. On October 5, 1995, the county court considered appellant's *five* points of error, overruled them, and affirmed the municipal court's judgment. On November 8, 1995, appellant filed in this Court another amended brief purporting to replace the brief submitted January 19, 1995.

█ Appeals from municipal courts of record are governed by the Government Code. A defendant must file his brief with the county court not later than the 15th day after the date on which the transcript and statement of facts are filed with the clerk of the county court. TEX.GOV'T CODE ANN. § 30.274(b) (Vernon 1988). No provision is made for extending the time in which to file briefs or filing amended briefs. From the judgment of the county court, it is clear that

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. The Houston sign ordinance is found in chapter 46 of the Houston Building Code, Houston, Tex., Ordinance 80–351 (May 8, 1980). All references to the sign ordinance are to sections of chapter 46.

only appellant's original brief raising five points of error was considered. The appeal to this Court is upon the same record and briefs reviewed by the county court. TEX. GOV'T CODE ANN. § 30.278 (Vernon 1988). Therefore, we will likewise consider only appellant's original brief.

■ The Government Code also requires that a point of error must have been raised in a motion for new trial in the municipal court in order to be considered on appeal. TEX.GOV'T CODE ANN. § 30.269(c) (Vernon 1988). Appellant raised only his first four points of error in his motion for new trial. Therefore, he failed to preserve his fifth point of error[2] for review. *See Lambert v. State*, 908 S.W.2d 53, 54 (Tex.App.—Houston [1st Dist.] 1995, no pet.).

### Vagueness

Appellant's first point of error challenges the facial constitutionality of the City of Houston sign ordinance proscribing "use of a sign" without having secured a permit, as vague because there is no definition of the word "use" in the ordinance. Appellant acknowledges that the ordinance defines "sign" as "used for advertising." Nevertheless, appellant claims that the complaint did not allege how appellant used the sign, nor did it allege by what manner and means appellant used the sign.

Appellant appears to mix an attack on the facial constitutionality of the ordinance with an attack on the complaint for not giving sufficient notice. Only the former has been preserved for review by its inclusion as a ground in appellant's motion for new trial in municipal court. *Id.* We also decline to address appellant's complaint that the statute is also vague as to who has use of a sign. This was likewise not a ground for new trial in municipal court.

■ The standard for determining unconstitutional vagueness is whether the terms of a statute are so indefinite that people of common intelligence must necessar-

ily guess at their meaning and differ as to their application. *Rahmani v. State*, 748 S.W.2d 618, 624 (Tex.App.—Houston [1st Dist.] 1988), *cert. denied*, 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989). A business regulation must give fair warning of what is proscribed. *Id.* In construing an ordinance, a court's primary responsibility is to carry out the intentions of the municipal legislative body. *J.B. Advertising., Inc. v. Sign Board of Appeals*, 883 S.W.2d 443, 447 (Tex.App.—Eastland 1994, writ denied) (citing *Bolton v. Sparks*, 362 S.W.2d 946, 951 (Tex.1962)).

■ The only substantive argument we have been able to identify regarding vagueness is that because the term "use" is undefined, it is highly subjective and thereby subject to different meanings to different juries. As noted above, appellant acknowledges that section 4602 of the ordinance defines "sign," as "used for advertising." The jury was also charged with this statutory definition of "sign." "Advertising" is defined in section 4602 as "to seek the attraction of or to direct the attention of the public to any goods, services or merchandise whatsoever." This definition conforms to the common understanding of the term as defined in dictionaries ("the action of calling something to the attention of the public esp. by paid announcements"). WEBSTER'S NEW COLLEGIATE DICTIONARY 17 (8th ed. 1981). Reading the language of section 4605, that "no person shall ... use a sign" in harmony with the definitions of "sign" and "advertising" in section 4602, we hold that the term "use" is not unconstitutionally vague. To the contrary, the ordinance is clear that the sign usage proscribed is "for advertising."

Accordingly, we overrule appellant's first point of error.

### Overbreadth

Appellant's second point of error challenges the facial constitutionality of the City of Houston sign ordinance as overbroad because it not only proscribes "uses of a sign"

---

**2.** Appellant's fifth point of error alleged a violation of due process on the basis that anyone could place a sign on a telephone pole, utility pole, fence, or tree with someone else's name or phone number on it, without his permission or knowledge, in order to "frame" him for the crime of "use of a sign."

that may be constitutionally unprotected, but also those which are constitutionally protected. Appellant argues the definition of the term "sign" is so broad that virtually anything is a sign. He claims it prohibits wearing clothing displaying the name of a product or business on a public street, children's lemonade stand signs, the blind man on the corner holding a sign "pencils 25 cents," picketers carrying signs announcing their cause, and persons eating from a package bearing the name of the product in public. Appellant also argues that the ordinance has no core of easily identifiable and constitutionally proscribable conduct that it prohibits.

■ A statute is overbroad if it prohibits constitutionally protected conduct. *Rahmani*, 748 S.W.2d at 621. A facial challenge must demonstrate that a substantial amount of protected conduct is proscribed, however, even protected speech may be regulated to some degree. *Id.*

■ Appellant concentrates on the definition of the term "sign" in section 4602: "any outdoor display, design, pictorial or other representation which shall be so constructed, placed, attached, painted, erected, fastened or manufactured in any manner whatsoever so that the same shall be used for advertising." Appellant overlooks the further definition given to the term "sign" in the ordinance. Section 4603(b) classifies signs as ground signs, marquee signs, projecting signs, roof signs and wall signs. Section 4603(c) further classifies signs by special function: electrical, portable, spectacular, and temporary. Appellant also overlooks the portion of the definition of "sign" in section 4602 which states that the term "sign" shall include the sign structure. "Sign structure" is defined in section 4602 as "any structure which supports or is capable of supporting any sign. A sign structure may be a single pole and may or may not be an integral part of a building."

An examination of the whole ordinance demonstrates that it is not directed at the many examples of constitutionally protected activity that appellant raises in his overbreadth claim. The definition of sign, including sign structure, shows an intent to focus on advertising signs which have been installed in some manner on some firm support rather than information on clothing worn by persons, hand-held signs, or product containers.

Appellant also fails to note section 4605(b)(8). It provides an exception to the permit requirement for temporary signs, provided the number of such signs on any premises does not exceed two in number, and provided such signs are displayed on consecutive days, and for only a maximum of seven days in any 30–day period. This exception for temporary signs allows lemonade stand signs, yard sale signs, and going-out-of-business signs.

By its definitions and exceptions, the City of Houston sign ordinance identifies a core of easily identifiable conduct and does not reach a substantial amount of constitutionally protected conduct. Accordingly, we hold it is not unconstitutionally overbroad.

We overrule appellant's second point of error.

### Prior Restraint

Appellant's third point of error challenges the facial constitutionality of the City of Houston sign ordinance as a prior restraint on freedom of speech under the First and Fourteenth Amendments to the United States Constitution. Appellant argues that by requiring a permit for speech or expressive conduct, the ordinance constitutes a prior restraint because it is not content-neutral and it delegates absolute discretion (by the absence of any mention of grounds upon which a permit may be granted or denied) to the sign administrator who decides to grant or deny permits. Appellant also claims the ordinance violates the rule that regulation of time, place, or manner of speech or expressive conduct in public must be accomplished by means which are narrowly tailored to serve significant governmental interests.

■ At the outset, we observe that different forms of speech receive different degrees of constitutional protection. The Constitution accords lesser protection to commercial speech than to other constitutionally guaranteed expression. *Central Hudson Gas &*

*Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 562–63, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341 (1980).

 As shown above, the unambiguous purpose of the City of Houston sign ordinance is to regulate a specific form of speech: advertising or *commercial speech.* To determine whether a regulation of commercial speech survives First Amendment scrutiny:

> [We] must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.

447 U.S. at 566, 100 S.Ct. at 2351.

 For purposes of our analysis, we will presume the commercial speech being regulated concerns lawful activities and is not misleading.[3] Turning to whether the governmental interest is substantial, the State points out that in *Sign Supplies, Inc. v. McConn,* 517 F.Supp. 778, 781–82 (S.D.Texas 1980), *aff'd by order,* (5th Cir.1981), a prior constitutional challenge to the City of Houston sign ordinance, the court included among its observations:

1. The reason for the sign ordinance is to prevent structural hazards and traffic dangers while enhancing the efficient and safe use of public thoroughfares;

2. The promotion of highway safety, improvement, and beautification are constitutionally permissible objectives under this police power; and

3. The ordinance sets forth a reasonable comprehensive plan for regulating all aspects of outdoor advertising in the City of Houston and its provisions bear a substantial relationship to the public health, safety, and general welfare.

These observations make clear that the governmental interest involved, the safety and beauty of public thoroughfares, is substantial.

We next decide whether the regulation directly advances the governmental interest asserted and whether it is not more extensive than necessary to serve that interest. An examination of section 4604 of the ordinance reveals that the sign administrator does not have unlimited discretion to grant or deny permits as appellant contends, but is limited to enforcing the conditions of chapter 46. These conditions include regulations regarding the design, construction, and size of signs, but not their content, as well as rules for on-premise and off-premise signs. All the regulations appear to be drawn narrowly and with the objective of achieving the significant government interest in the safety and beauty of public thoroughfares. We conclude that the sign ordinance does not constitute a prior restraint on freedom of speech, but rather is a permissible regulation of commercial speech.

Therefore, we overrule appellant's third point of error.

### Violation of Proof–Beyond–a–Reasonable–Doubt Requirement

Appellant's fourth point of error challenges the facial constitutionality of the City of Houston sign ordinance because "use of a sign" does not require an overt act. Appellant raises a concern that one could be charged with the offense without knowing that someone else had put up a sign containing favorable advertising. Appellant claims the City dreamed up the crime of "use of a sign" to circumvent the difficulties of catching someone in the act of unlawfully erecting a sign. Appellant argues that a mandatory presumption of guilt is created whenever one's name or phone number appears on a sign and the effect of this presumption is to shift the burden of proof to the defendant to show he did not have "use of the sign."

---

**3.** We note the City of Houston sign ordinance is so content-neutral, it does not discriminate between signs advertising lawful versus unlawful activities or between misleading versus accurate information on the signs.

■ Section 4605(a), entitled "Permit Required," defines the offense in question: No person shall erect, reconstruct, alter or use a sign within the sign code application area without first having secured a written permit from the sign administrator of the City of Houston to do so. The complaint filed against appellant, as well as the jury charge that authorized the jury to convict him, included a culpable mental state, knowingly, which is not set out in the ordinance. Therefore, the jury had to find that appellant knowingly used the sign in question. This answers appellant's concern that someone could have framed him.

In regard to the lack of an overt act, the ordinance in question is similar to parking violations in which the owner of the vehicle is presumed to be responsible for causing, allowing, or permitting the vehicle to be parked overtime. *See Snell v. State,* 518 S.W.2d 382, 382–83 (Tex.Crim.App.1975). Such ordinances have been upheld against similar attacks to their constitutionality. *Id.* at 383.[4]

Particularly with the addition of the culpable mental state, knowingly, we do not view the sign ordinance as creating an impermissible presumption. The jury had to find that appellant knowingly used the sign in question for advertising. Appellant has not brought forth a statement of facts from the trial below. Nevertheless, from statements in his brief it is clear that the sign inspector was able to find appellant's business by using the telephone number on the sign. It is not a presumption that a business benefits from advertising; rather, it is a logical inference. Benefitting from the advertising on the sign in question is the exact use of the sign which the ordinance was intended to proscribe.

As the ordinance was applied to appellant in the present case, it did not constitute a presumption that shifted the burden of proof. Therefore, we overrule appellant's fourth point of error.

4. In *Ballard v. Wilson,* 856 F.2d 1568, 1571 n. 2 (5th Cir.1988), several jurisdictions in addition to Texas were noted as upholding parking violation

**Conclusion**

We affirm the judgment of the county court.

ordinances against similar constitutional challenges.