The STATE of Texas, Appellant,

v.

Regina S. HANSON, Appellee.

Nos. 10–89–018–CR, 10–89–019–CR.

Court of Appeals of Texas, Waco.

Jan. 25, 1990.

public servant. The state alleged that she intentionally and knowingly threatened to terminate the county's funding of the salaries of a deputy district clerk and an assistant district attorney in an attempt to coerce the district judge into firing the county auditor and the county attorney into revoking a misdemeanant's probation. The question is whether the indictments were based on unconstitutionally vague and overly broad penal provisions. The order will be affirmed.

The indictments, which were returned in September 1988, were based on these provisions in the Penal Code: "A person commits an offense if by means of coercion he ... influences or attempts to influence a public servant in a specific exercise of his official power or a specific performance of his official duty." *See* TEX.PENAL CODE ANN. § 36.03(a)(1) (Vernon 1989). "Coercion" was defined as a "threat, however communicated ... to take or withhold action as a public servant, or to cause a public servant to take or withhold action." *Id.* at § 36.01(1)(F).

A vague criminal statute that encroaches on free speech violates due process because it fails to give fair warning of what is prohibited, encourages arbitrary and discriminatory enforcement, and has a chilling effect on the exercise of free expression. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972); *Goocher v. State,* 633 S.W.2d 860, 865 (Tex.Crim.App. [Panel Op.] 1982). The test for vagueness is whether persons of ordinary intelligence must necessarily guess at a statute's meaning and differ on its application. *Connally v. General Const. Co.,* 269 U.S. 385, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). Therefore, a criminal statute must be drawn with such precision that ordinary people can intelligently determine the lawful course to follow. *Id.* 46 S.Ct. at 128.

John Terrill, Dist. Atty. pro tem., Stephenville, for appellant.

R. Coke Mills, Mills, Millar & Matkin, Waco, for appellee.

## OPINION

THOMAS, Chief Justice.

This is an appeal by the state of an order quashing and dismissing two misdemeanor indictments charging Bosque County Judge Regina Hanson with attempting to coerce a

When applied to Judge Hanson's alleged conduct, the penal provisions clearly implicated her First Amendment rights because she was indicted for words allegedly spoken to other public officials. Essentially,

she was charged with having made a *threat* to take action as a public official in an attempt to *coerce* another public official into performing an official act. Judge Hanson would have had to know two things to have fair warning of what conduct was prohibited. First, what constituted "coercion"? Without coercion there could be no offense. Second, what type of "threat" was prohibited? Without an actionable threat there could be no coercion.

Section 36.01 defined coercion for purposes of section 36.03(a)(1):

■ "Coercion" means a threat, however communicated:

(A) to commit any offense;

(B) to inflict bodily injury on the person threatened or another;

(C) to accuse any person of an offense;

(D) to expose any person to hatred, contempt, or ridicule;

(E) to harm the credit or business repute of any person; or

(F) to take or withhold action as a public servant, or to cause a public servant to take or withhold action.

TEX.PENAL CODE ANN. § 36.01(1) (Vernon 1989).

■ Threats may portend either lawful or unlawful action. First Amendment protection is extended to the former but not the latter. *See Watts v. United States*, 394 U.S. 705, 89 S.Ct. 1399, 1401, 22 L.Ed.2d 664 (1969); *Wurtz v. Risley*, 719 F.2d 1438, 1441 (9th Cir.1983). Therefore, a criminal statute that seeks to punish threats must clearly distinguish between an actionable or true threat and protected speech. *Watts*, 89 S.Ct. at 1401.

■ Judge Hanson had to guess at the meaning of section 36.03(a)(1) and its application to her official conduct because section 36.01(1)(F) failed to give fair warning of the nature of the threat prohibited. Did the term "threat" encompass a threat of lawful action or only prohibit a threat of unlawful action?

Judge Hanson was the budget officer for Bosque County and the presiding officer of

the commissioners' court. *See* TEX.LOC. GOV'T CODE ANN. §§ 81.001(b), 111.001, 111.002 (Vernon 1988, Vernon Supp.1990, and Vernon 1988). She had jurisdiction over misdemeanants on probation. *See* TEX. CONST. art. V, § 16 (Vernon Supp. 1990); TEX.GOV'T CODE ANN. § 26.045 (Vernon 1988); TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5 (Vernon 1979).[1] Bosque County could legally terminate its funding of employees in the district attorney's office or district clerk's office, and Judge Hanson could legally request the county attorney to institute proceedings to revoke a misdemeanant's probation. Likewise, the district judge had the legal authority to terminate the county auditor, and the county attorney was the appropriate official to file a motion to revoke a misdemeanant's probation. *See* TEX.LOC. GOV'T CODE ANN. §§ 84.002, 84.009 (Vernon 1988); TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5 (Vernon 1979). Assuming the allegations were true, Judge Hanson could have lawfully taken the actions threatened, and the district judge and county attorney, had they acted as she desired, would have acted lawfully.

Coercion of a lawful act by a threat of lawful action is protected free expression. *See Wurtz*, 719 F.2d at 1441. Could Judge Hanson threaten to use her lawful authority and prerogatives of office to coerce other public officials into taking lawful actions which she or the commissioners' court deemed expedient or desirable, or should she refrain from doing so out of fear of prosecution? What is and what is not lawful conduct cannot be left to such conjecture. *See Connally*, 46 S.Ct. at 128. Section 36.01(1)(F) was not drawn with the narrowness and precision required when legislating within the realm of the First Amendment. *See Keyishian v. Board of Regents of U. of St. of N.Y.*, 385 U.S. 589, 87 S.Ct. 675, 684, 17 L.Ed.2d 629 (1967).

A preeminent purpose of the First Amendment is to guarantee free and unfettered political discussion within government and among the citizenry. *See Greenbelt Cooperative Publishing Ass'n v. Bres-*

---

**1.** Section 5 of article 42.12 was amended and re-numbered as section 10(a) in 1989. TEX. CODE CRIM.PROC.ANN. art. 42.12, § 10(a) (Vernon Supp.1990).

*ler,* 398 U.S. 6, 90 S.Ct. 1537, 1540–41, 26 L.Ed.2d 6 (1970). Consequently, those who enter the political arena are fair game for sharp attacks inflicted by both the electorate and the elected. *Garrison v. Louisiana,* 379 U.S. 64, 85 S.Ct. 209, 216, 13 L.Ed.2d 125 (1964). The hurly-burly world of courthouse politics is an arena where robust debate, often accompanied by blunt, caustic and even intemperate and vituperative language, is the by-product of public officials clashing over divisive issues. However, as long as the means are peaceful and their actions lawful, the boundaries of their political debate cannot be measured for constitutional protection by conventional standards of acceptability. *See Organization For A Better Austin v. Keefe,* 402 U.S. 415, 91 S.Ct. 1575, 1578, 29 L.Ed.2d 1 (1971). Freedom of speech must encompass the liberty of elected officials to discuss matters of public concern without prior restraint or fear of punishment. *See Thornhill v. Alabama,* 310 U.S. 88, 60 S.Ct. 736, 744, 84 L.Ed. 1093 (1940). A vague statute that potentially could punish protected political debate violates due process because of its chilling effect on the exercise of that essential right. *See Grayned,* 92 S.Ct. at 2299.

Section 36.01(1)(F) was unconstitutionally vague when applied to Judge Hanson's alleged conduct. This constitutional defect was transmitted to section 36.03(a)(1) by the impermissibly vague definition of "coercion." These penal provisions violated due process because they did not give Judge Hanson fair notice of what type of threat was prohibited, failed to provide a clear, objective standard by which those charged with enforcement could assess her alleged conduct for its legality, and had a potential of inhibiting the exercise of her protected free expression as a public official. *See id.* at 2298–99.

The legislature amended sections 36.01 and 36.03 effective September 1, 1989. Section 36.01(1)(F) was amended to read as follows: " 'Coercion' means a threat, however communicated ... to *unlawfully* take or withhold action as a public servant, or to cause a public servant to *unlawfully* take

or withhold action." TEX.PENAL CODE ANN. § 36.01(1)(F) (Vernon Supp.1990) (emphasis added). Section 36.03(a)(1) was also amended to provide:

A person commits an offense if by means of coercion he:

(1) influences or attempts to influence a public servant in a specific exercise of his official power or a specific performance of his official duty *or influences or attempts to influence a public servant to violate the public servant's known legal duty.*

*Id.* at § 36.03(a)(1) (emphasis added). Finally, subsection (c) was added to section 36.03:

(c) It is an exception to the application of Subsection (a)(1) of this section that the person who influences or attempts to influence a public servant is a member of the governing body of a governmental entity, and that the action that influences or attempts to influence the public servant is an official action taken by the member of the governing body. For the purposes of this subsection, the term "official action" includes deliberations by the governing body of a governmental entity.

*Id.* at § 36.03(c).

■ An unconstitutional statute can be amended to thereafter make it constitutional. *Ex parte Hensley,* 285 S.W.2d 720, 722 (Tex.Crim.App.1956). However, the legal effect of these amendments is not now an issue before this court.

The court acted correctly when it quashed and dismissed the indictments. All points of error are overruled, and the order is affirmed. Because the penal provisions were unconstitutionally vague when applied to Judge Hanson's alleged conduct, the question of their facial vagueness will not be addressed. Likewise, any question about the penal provisions being overly broad, either facially or as applied to Judge Hanson's alleged conduct, is not reached.

MEANS, J., not participating.