TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00024-CR







Pamela Board, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR95-248, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 The jury found appellant guilty of the offense of tampering with a witness. See Tex. Penal
Code Ann. § 36.05 (West 1994 & Supp. 1998). The trial court assessed punishment at two years'
confinement in a state jail, probated for four years, a one hundred dollar fine, and as a condition of
probation, sixty days' confinement in the Comal County Jail. In her first two points of error, appellant
contends the evidence is legally insufficient and factually insufficient. The constitutionality of section 36.05
of the Texas Penal Code is challenged in points of error three through seven. In points of error eight
through twelve, appellant urges section 36.05 is unconstitutional as it is applied to her. In her remaining two
points of error, appellant asserts: (13) the trial court erred in denying her request for inclusion of the
necessity defense in its charge; and (14) the trial court erred in sustaining the State's lack of relevancy
objections to the testimony of two defense witnesses. We will overrule appellant's points of error and
affirm the judgment of the trial court.

 The focal point of this cause is a letter appellant wrote Betty Crist on August 23, 1995. 
The State's case was based on the threats in the letter constituting an effort by appellant to tamper with a
witness. Appellant's position is that the letter shows that her sole purpose was to get Crist to take back
a statement in an affidavit executed by Crist that stated appellant was a "regular customer" at Crist's liquor
store.

 To better understand the letter in question, a review of the events preceding its writing is
necessary. Appellant had been a defendant in Justice of the Peace Howard Smith's (1) court as the result of
appellant's dog having bitten someone. Crist's version of the events following the proceeding in Judge
Smith's court are set forth in her affidavit that was attached to the county's motion for summary judgment
in a lawsuit appellant filed in federal court against Judge Smith, the county, a constable, and a deputy
constable. The pertinent portions of the affidavit provide:


I reside in Comal County and own a store in the town of Sattler. I know the Plaintiff,
Pamela Board Myers, who is also known to me by the name Pamela Daniels. Pamela
Board Myers is a regular customer of my store.


On March 9, 1993, at approximately 8:15 p.m., Pamela Board Myers came into my store
and showed me a yellow tablet. Referring to the yellow tablet Pamela Board Myers said,
'Look, I stole this jury list from Judge Smith's office. This is not a jury list, but just a list
of his friends he brought in for jury duty. I'm going


 to get him in a lot of trouble with this list. Look at this page, Judge Smith is so dumb that
he has to write down how to get into his computer.


On March 10, 1993, I called Justice of the Peace Howard Smith's office to tell them about
my conversation with Pamela Board Myers. I spoke with Judge Smith's secretary,
Jennifer Saunders. I told Ms. Saunders what Pamela Board Myers had said to me on the
previous evening.


Later, Constable Ed Mullins came into my store and requested that I give him a written
statement regarding what Pamela Board Myers had said to me about the jury list on the
yellow tablet. I gave him a written statement recounting what Ms. Myers had said to me
on March 9th.



 After the execution of the affidavit, Crist testified that appellant entered her store and yelled
at her to take back her statement because she was "the key witness in [the] whole case" that could send
her "to jail for the rest of her life."

 The State's case is based on the following portions of appellant's August 23, 1995 letter
to Crist:


Then you quit the post office (or whatever) and opened a liquor store in close proximity
to the elementary school. --Over a period of time I came to realize that the local law
enforcement both on and off duty were purchasing their liquor from you - and you were
selling it to them even in uniform while on duty.


* * * * *



He (Judge Smith) is a living fossil from times long past - (His son repainted the sign at the
Dam after defeating me in the last primary election) -- I realize that he and his entire family
give your business a considerable amount of money as well as the law enforcement
business he condones your way. I am a non drinker except on rare occasion and am
unable to support your business to the degree that he and his attendees have a regular habit
of providing income for you; therefore I in a way can understand your siding with them
instead of me in regards to the 10 cent yellow legal tablet in question which contained the
names of my [jurors].


* * * * * *



Betty, you must take back your libelous affidavit as it is a lie. If you will allow me to
prepare another for you I will send it to you in the mail. The alternative is bleak in that one
of two things will happen.


 1. You will be joined in the federal lawsuit in which you have elected to become
involved and you will have no choice but to hire an attorney and find out all about it. or/

 2. You will be sued for 13½ million dollars and if you cannot prove the things you
allege in your affidavit you will surely lose and be lible [sic] in the amount of all that you
own.



 Appellant urges that her main concern expressed in the letter was that Crist retract the
statement in her affidavit that appellant was a regular customer at her liquor store. Appellant urges that this
intention is shown in the following excerpts from her letter:


Yesterday, for the second time I pleaded with you to take back your affidavit stating that
I purchased liquor from you regularly. The first statement did not bother me as I was
aware of the Open Records Act and the fact that persons acting in propria persona shall
be provided with access to all court records including jury lists except perhaps someone
like OJ although I'm sure his dream team could get that for him also.


Betty, you must take back your libelous affidavit as it is a lie. If you will allow me to
prepare another for you I will send it to you in the mail. The alternative is bleak in that one
of two things will happen.


 1. You will be joined in the federal lawsuit in which you have elected to become
involved and you will have no choice but to hire an attorney and find out all about it. or/

 2. You will be sued for 13½ million dollars and if you cannot prove the things you
allege in your affidavit you will surely lose and be lible [sic] in the amount of all that you
own.


Please do not take this improperly, I do not want to do this but I will have no choice as
you have damaged me greatly and have by your willful participation have caused me to
become incarcerated already and work full time on nothing more than this suit arising from
an animal running at large citation, the unfair jury trial comprised of Ed's hand picked
jurors. Please feel free to contact me as I still consider you a friend, just misguided and self
centered.



 Applicable to the instant cause, a person commits an offense if she attempts to coerce a
witness or prospective witness to testify falsely or to withhold any testimony, information, document, or
thing. See Tex. Penal Code Ann. § 36.05(a)(1), (2) (West Supp. 1994). Omitting the formal parts, the
indictment in the instant cause alleged that appellant intentionally and knowingly coerced Crist, a
prospective witness by: (1) threatening to expose Crist to hatred, contempt or ridicule with intent to
influence Crist to testify falsely in an official proceeding; and (2) threatening to expose Crist to hatred,
contempt or ridicule, with intent to influence Crist to withhold testimony or information in said official
proceeding.

 Appellant urges there is no testimony to support the allegations that she: (1) attempted to
coerce Crist to testify falsely; and (2) threatened to expose Crist to hatred, contempt or ridicule. The
common thread running through appellant's arguments is that the sole purpose expressed in her August 23,
1995 letter was to request Crist to withdraw her untrue statement that she was a regular customer in her
liquor store. Appellant reasons that such a request does not constitute an offense.

 In reviewing the legal sufficiency of the evidence, we must determine whether, viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979). Under the Jackson standard, the reviewing court is not to position itself as a thirteenth juror in
assessing the evidence nor is it our place to second guess the determination made by the trier of fact. See
Collins v. State, 800 S.W.2d 267, 269 (Tex. App.--Houston [14th Dist.] 1990, no pet.). The trier of
fact (jury in this cause) is in a better place than an appellate court to weigh, accept, or reject all or any
portion of any witness's testimony. It is the duty of this Court to determine if the explicit and implicit
findings by the trier of fact are rational under legal standards to support the conviction. See Adelman v.
State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

 Coercion as that term is applicable to the instant cause means a "threat, however
communicated to expose a person to hatred, contempt or ridicule." See Tex. Penal Code Ann.
§ 1.07(a)(9)(D) (West 1994). Appellant urges the following defenses: (1) she was not trying to get Crist
for testifying falsely; (2) she was not subject to prosecution for attempting to have an untruthful statement
deleted; (3) her letter did not have the potential of exposing Crist to hatred, contempt or ridicule since the
letter was not published to the community; and (4) there could be no attempt to withhold an affidavit that
had already been filed.

 Appellant's limited focus on that portion of her letter that asks Crist to delete the "regular
customer" statement overlooks other portions of her letter that the jury could have reasonably inferred to
mean: (1) Crist was operating a liquor store in too close proximity to a public school; (2) law enforcement
officers, on duty and off duty, were for some unknown reason regular patrons of Crist's store; and (3) that
the justice of the peace had induced her to side with him in the lawsuit filed against him by spending a
"considerable amount of money" in Crist's liquor store. Appellant's letter threatens a lawsuit for a large
amount of money. The jury could have reasonably concluded that appellant's motive was evidenced by
Crist's testimony that appellant entered her store and yelled at her to take back her statement because she
was "the key witness in [the] whole case" that could send her "to jail for the rest of her life."

 In response to appellant's argument that it is no offense to threaten to sue a person, the
State's position is that it was appellant's intent to subject Crist to slanderous remarks regarding her integrity
and business practices to get her to change or withdraw her affidavit. Assuming arguendo the "regular
customer" statement in the affidavit is an issue, the jury appears to have resolved it in the State's favor. 
While Crist's testimony on this issue is inconsistent, she testified that she viewed appellant as a "regular
customer" at the time Crist reported appellant's theft of the tablet. The publishing of appellant's letter to
the public is supported by the testimony of Larry Ratliff, the owner of a pharmacy in Canyon Lake. Ratliff
identified appellant as the person in his pharmacy late one afternoon prior to his finding appellant's letter
to Crist on top of a counter when he opened the store the next day. 

 In reply to appellant's argument that she could not coerce Crist to withhold an affidavit that
had already been filed, the State notes that it only needs to prove that appellant "coerced the witness in a
manner to cause false testimony." See Navarro v. State, 810 S.W.2d 432, 437 (Tex. App.--San
Antonio 1991, pet. ref'd). Viewing the evidence in the light most favorable to the verdict, we hold that any
rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Appellant's
first point of error is overruled.

 Appellant contends the evidence is factually insufficient to prove the essential element of
intent. On appellate review, we may consider factual sufficiency as well as legal sufficiency. See Stone v.
State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd untimely filed); see also Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996) ( adopting Stone test). In Stone, this Court set the following
standard for factual review:


[T]he court reviews all the evidence without the prism of 'in the light most favorable to the
prosecution.' Because the court is not bound to view the evidence in the light most
favorable to the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.



Stone, 823 S.W.2d at 38 (citations omitted).

 Being aware that appellant had challenged the factual sufficiency of the evidence, we
attempted to set forth appellant's positions and her arguments relative to the weakness of the State's case
in the previous point of error.

 We have reviewed all the evidence, including evidence favorable to appellant and the
existence of alternative hypotheses. After reviewing all of the evidence and arguments and the existence
of alternative hypotheses, we conclude that the verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Appellant's second point of error is overruled.

 In her third point of error, appellant contends that Sections 36.05 and 1.07(9) of the Texas
Penal Code are unconstitutionally overbroad. Appellant asserts that the conduct for which she was
prosecuted and convicted were letters in which she sought to get Crist to retract untruthful statements in
a case in federal court. Appellant reasons that Section 36.05 is unconstitutional in that it allows prosecution
for protected speech and writing.

 Texas Government Code section 311.021 provides guidance in reviewing constitutional
challenges to statutes:


In enacting a statute, it is presumed that:


 (1) compliance with the constitutions of this state and the United States intended;

 (2) the entire statute is intended to be effective;

 (3) a just and reasonable result is intended;

 (4) a result feasible of execution is intended; and

 (5) public interest is favored over any private interest.



Tex. Gov't Code Ann. § 311.021 (West 1988).

 In Puckett v. State, 801 S.W.2d 188, 192 (Tex. App.--Houston [14th Dist.] 1990, pet.
ref'd), cert. denied, 502 U.S. 990 (1991), the court stated: "The State of Texas undoubtedly has a valid
and substantial interest in protecting the integrity of its judicial system and in allowing public servants,
witnesses and prospective witnesses to perform their respective duties without interference from threats
of physical violence." As heretofore noted, appellant overlooks other portions of her letter in limiting her
argument to that portion of the letter in which she asks Crist to withdraw the "regular customer" reference
in her affidavit. We believe the State of Texas has a very substantial interest in protecting witnesses from
threats of exposure to hatred, contempt or ridicule.

 Insofar as appellant construes the statutorily proscribed testimony as covering an attempt
to obtain the withdrawal of an alleged false statement, we have heretofore noted that the jury resolved this
issue against appellant by its guilty verdict. Appellant's third point of error is overruled.

 In her fourth point of error, appellant contends that Sections 36.05 and 1.07(9) of the
Texas Penal Code are unconstitutionally vague. At the outset, appellant directs our attention to the Court
of Criminal Appeals opinion in Long v. State, 931 S.W.2d 285 (Tex. Crim. App. 1996). In Long, the
court held the stalking statute under which the defendant was convicted to be unconstitutionally vague. 
Specifically, appellant calls our attention to the following language:


It is well-established that criminal laws must be sufficiently clear in at least three respects. 
First, a person of ordinary intelligence must be given a reasonable opportunity to know
what is prohibited. Second, the law must establish determinate guidelines for law
enforcement. Finally, where First Amendment freedoms are implicated, the law must be
sufficiently definite to avoid chilling protected expression. "When a statute is capable of
reaching First Amendment freedoms, the doctrine of vagueness 'demands a greater degree
of specificity than in other contexts.'" Greater specificity is required to preserve adequately
the right of free expression because "[u]ncertain meanings inevitably lead citizens to steer
far wider of the unlawful zone than if the boundaries of the forbidden areas were clearly
marked." Moreover, when a vagueness challenge involves First Amendment
considerations, a criminal law may be held facially invalid even though it may not be
unconstitutional as applied to the defendant's conduct.



Long, 931 S.W.2d at 287 (citations omitted).

 Appellant urges that Sections 36.05 and 1.07(9) allow prosecution of a lawful threat that
is protected speech. See State v. Hanson, 793 S.W.2d 270, 272 (Tex. App.--Waco 1990, no pet.). 
In Hanson, the court found the coercion of a public servant statute unconstitutional because it failed to
delineate whether the term "threat" encompassed a threat of lawful action or a threat of unlawful action. 
Id. at 272.

 Words or phrases must be read in the context in which they are used. See Gant v. State,
814 S.W.2d 444, 454 (Tex. App.--Austin 1991, no pet.). Contrary to appellant's contention, the word
"threat" does not stand alone. It must be read in the context of the statutory meaning of the word "coerce"
or "coercion" as that term is defined in Penal Code Ann. Section 1.07(9). Consequently, we must read
"threat" in the context of hatred, contempt, and ridicule. When this is done, we find that the statute is not
so indefinite that people of common understanding must necessarily guess at its understanding. See Purnell
v. State, 921 S.W.2d 432, 435 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). To require further
definition of the term "coerce" is to reach the point of defining definitions. Appellant's fourth point of error
is overruled.

 In her fifth point of error, appellant contends that Sections 36.05 and 1.07(9) of the Texas
Penal Code are unconstitutionally vague as applied to appellant. In support of this contention appellant's
position is that she was acting in a pro se capacity in her federal case in an attempt to ensure the truth rather
than attempting to coerce Crist to testify falsely. Appellant argues that a person of ordinary intelligence
could not determine her conduct was proscribed by statute.

 We find appellant's reliance on Hanson, 793 S.W.2d 270, to be misplaced. The Hanson
court noted at the outset that coercion as applied to the defendant judge clearly implicated First
Amendment rights because she was indicted for "having made a threat to take action as a public official
in an attempt to coerce another public official into performing an official act." Id. at 272. The court
reasoned that the defendant judge could have acted lawfully; and "what is and what is not lawful conduct
cannot be left to such conjecture." Id. at 272. The statute in question, Penal Code Section 36.03(a)(1),
made it an offense if a person "by means of coercion . . . influences or attempts to influence a public servant
in a specific exercise of his official power or a specific performance of his official duty. . . . The court held
that the statute was unconstitutionally vague when applied to the defendant because the defendant judge
was not given notice of what conduct was illegal. Id. at 275.

 Unlike Hanson where the defendant judge was indicted for actions taken in an official
capacity, appellant was indicted for coercing a prospective witness in an official proceeding by
threatening to expose her to "hatred, contempt or ridicule."

 In Tobias v. State, 884 S.W.2d 571 (Tex. App.--Fort Worth 1994, pet. ref'd), the
defendant was convicted of six counts of coercion of a public servant, based upon threats to shoot
appellate judges considering his appeal in a suit against a university challenging his grades as a nursing
student. See Tex. Penal Code Ann. § 36.03(a)(1), (b) (West 1994). The defendant urged that Section
36.03 violated his freedom of speech and petition for redress and was constitutionally overbroad. Id. at
586. A portion of the defendant's argument was that Section 36.03 was vague because Section 36.01 did
not define "coercion." The court found no merit in this contention, noting that the definition of "coercion"
had "simply been moved" to section 1.07(a)(9). Id. The court concluded that Section 36.03 was not
unconstitutionally vague or overbroad. Id. Unlike the court in Hanson, we hold that sections 36.05 and
1.07(9) are not unconstitutionally overbroad as applied to appellant. Appellant's fifth point of error is
overruled.

 In her sixth and seventh points of error, appellant contends that section 36.05 encroaches
upon the freedom of expression protected by the First and Fourteenth Amendments to the United States
Constitution and article I, section 8 of the Texas Constitution. Appellant makes a cursory statement in
support of these points of error, stating that "coercion of a lawful act by a threat of lawful action is
protected by free speech." In support of this argument appellant cites Hanson and cases with like holdings. 
We have previously distinguished the holding in Hanson. Further, the brief fails to comply with the
provisions of Tex. R. App. P. 38.1(g) and (h). When briefing constitutional questions, attorneys should
provide substantive analysis for their arguments on each separate question. Bullard v. State, 891 S.W.2d
14, 15 (Tex. App.--Beaumont 1994, no pet.). Appellant's points of error six and seven are overruled.

 In points of error eight and nine, appellant contends that section 36.05 of the Texas Penal
Code is unconstitutional as applied to appellant in that it encroaches upon appellant's free expression under
the First and Fourteenth Amendments to the United States Constitution and article I, section 8 of the Texas
Constitution. After stating that those points are interrelated, appellant argues that section 36.05 as applied
to her is unconstitutional because she has done nothing more than threaten to sue someone in an effort to
gain access to courts to redress an injury. We find that appellant's cursory argument is nothing more than
a conclusory statement without a discussion of analogous due process cases. Nor is there an application
of any authorities to the facts of this cause. (2) Accordingly, nothing is presented for review. See Tex. R.
App. P. 38.01(g)(h); State v. Gonzales, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993); Elam v. State,
841 S.W.2d 937 (Tex. App.--Austin 1992, no pet.). Appellant's eighth and ninth points of error are
overruled.

 In points of error ten and eleven, appellant urges that the prosecution against her was
unconstitutional as applied to her since it was an effort to "prohibit constitutionally protected activity: to wit,
the due process clause" of the Fifth and Fourteenth Amendments of the United States Constitution and "due
course of law" clause of article I, section 19 of the Texas Constitution. In support of this position, appellant
cites us to the basic constitutional guarantee that due process affords a person the right to be heard, assess
a full hearing before a court, the right to introduce evidence, and to have judicial findings based upon that
evidence. See Pine v. State, 921 S.W.2d 866, 873 (Tex. App.--Houston [14th Dist.] 1996, pet. dism'd
w.o.j.).

 Appellant proceeded pro se in her federal case against the county, justice of the peace, and
others. It appears to be her position that the letter she wrote Crist was designed to get her to withdraw
her statement about her being a "regular customer" in her liquor store that threatened to deny her right to
due process to be heard in federal lawsuit. We perceive no merit in appellant's position. Points of error
ten and eleven are overruled.

 In her twelfth point of error, appellant urges that the State used its prosecution to prohibit
the "open court doctrine" under the Texas Constitution. Appellant asserts that the State, by this
prosecution, attempted to prohibit appellant from seeking redress against Crist for an injury to appellant,
as well as to hamper appellant's rights to seek redress against the county in her federal case.

 Appellant has not directed us to any portion of the record to support either of these
positions. Appellant's cursory statements that neither point to nor discuss facts contained in the record fall
short of the rules governing the briefing of a point of error heretofore discussed. Appellant's point of error
twelve is overruled.

 In her thirteenth point of error, appellant contends the trial court erred in denying appellant's
request for an instruction on the necessity defense in its charge to the jury.

 For there to be justification for an offense, the accused must specifically admit to the
offense. Auston v. State, 892 S.W.2d 141 (Tex. App.--Houston [14th Dist.] 1994, no pet.). In the
instant cause, appellant consistently denied having committed an offense, stating that all she had done was
to try to get Crist to withdraw her statement about appellant being a "regular customer" in her store. 
Appellant's thirteenth point of error is overruled.

 In her fourteenth point of error, appellant contends the trial court erred in sustaining the
State's relevancy objections to testimony of defense witnesses. Appellant offered evidence to show her
state of mind that was influenced by the relationship that existed between appellant and Judge Smith,
Constable Mullins, various deputies, and other officers of Comal County. Included in the proffered
evidence were: appellant's attempted citizen's arrest of Judge Smith when she discovered an ashtray in his
office, evidence of Judge Smith smoking in his office on county property in violation of a county ordinance;
the issuance of a failure to appear arrest warrant when no date appeared on appellant's traffic ticket as to
when she should appear in Judge Smith's court; and Judge Smith asking officers to arrest appellant for
disorderly conduct when she attempted to grab an ashtray from Judge Smith during a scuffle between
appellant and Judge Smith.

 The trial court has broad discretion in determining admissibility of evidence. See
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). We note that none of the proffered
evidence related to prosecutrix Crist. We hold that the trial court did not abuse its discretion by sustaining
the State's relevancy objections to appellant's proffered evidence. Appellant's fourteenth point of error
is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: May 29, 1998

Do Not Publish






* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. It appears that Judge Smith had defeated appellant in a race for the justice of the peace court in
which appellant was tried.
2. It should be noted that when a state constitutional violation is alleged, specific arguments and
authorities supporting contentions must be furnished under the state constitution. See Moore v. State, 935
S.W.2d 124 (Tex. Crim. App. 1996).



to
due process to be heard in federal lawsuit. We perceive no merit in appellant's position. Points of error
ten and eleven are overruled.

 In her twelfth point of error, appellant urges that the State used its prosecution to prohibit
the "open court doctrine" under the Texas Constitution. Appellant asserts that the State, by this
prosecution, attempted to prohibit appellant from seeking redress against Crist for an injury to appellant,
as well as to hamper appellant's rights to seek redress against the county in her federal case.

 Appellant has not directed us to any portion of the record to support either of these
positions. Appellant's cursory statements that neither point to nor discuss facts contained in the record fall
short of the rules governing the briefing of a point of error heretofore discussed. Appellant's point of error
twelve is overruled.

 In her thirteenth point of error, appellant contends the trial court erred in denying appellant's
request for an instruction on the necessity defense in its charge to the jury.

 For there to be justification for an offense, the accused must specifically admit to the
offense. Auston v. State, 892 S.W.2d 141 (Tex. App.--Houston [14th Dist.] 1994, no pet.). In the
instant cause, appellant consistently denied having committed an offense, stating that all she had done was
to try to get Crist to withdraw her statement about appellant being a "regular customer" in her store. 
Appellant's thirteenth point of error is overruled.

 In her fourteenth point of error, appellant contends the trial court erred in sustaining the
State's relevancy objections to testimony of defense witnesses. Appellant offered evidence to show her
state of mind that was influenced by the relationship that existed between appellant and Judge Smith,
Constable Mullins, various deputies, and other officers of Comal County. Included in the proffered
evidence were: appellant's attempted citizen's arrest of Judge Smith when she discovered an ashtray in his
office, evidence of Judge Smith smoking in his office on county property in violation of a county ordinance;
the issuance of a failure to appear arrest warrant when no date appeared on appellant's traffic ticket as to
when she should appear in Judge Smith's court; and Judge Smith asking officers to arrest appellant for
disorderly conduct when she attempted to grab an ashtray from Judge Smith during a scuffle between
appellant and Judge Smith.

 The trial court has broad discretion in determining admissibility of evidence. See
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). We note that none of the proffered
evidence related to prosecutrix Crist. We hold that the trial court did not abuse its discretion by sustaining
the State's relevancy objections to appellant's proffered evidence. Appellant's fourteenth point of error
is overruled.

 The judgment is affirmed.