FILED IN
COURT OF CRIMINAL APPEALS

October 22, 2015

ABEL ACOSTA, CLERK

PD-1067-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/21/2015 8:55:03 PM
Accepted 10/22/2015 8:10:59 AM
ABEL ACOSTA
CLERK

No. PD-1067-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

Ex parte James Richard "Rick" Perry

Appeal from Travis County

\* \* \* \* \*

STATE'S BRIEF ON THE MERITS OF THE STATE'S
PETITION FOR DISCRETIONARY REVIEW

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

> **1) Did the court of appeals incorrectly conflate the tests for First Amendment overbreadth and traditional First Amendment facial unconstitutionality?**
>
> **2) Applying the definition of "coercion" from TEX. PENAL CODE §1.07(a)(9)(F), does the coercion of a public servant statute ban a substantial amount of constitutionally protected speech relative to its plainly legitimate sweep?**

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

# IDENTITY OF THE PARTIES

Appellant: **James Richard "Rick" Perry**.

Appellee: **The State of Texas**.

Trial Judge: **Hon. Bert Richardson**.

Counsel for Appellant: **Anthony G. Buzbee**, JPMorgan Chase Tower, 600 Travis Street, Suite 7300, Houston, Texas 77002; **Thomas R. Phillips**, 98 San Jacinto Blvd., Suite 1500, Austin, Texas 78701-4078; and **David L. Botsford**, 1307 West Avenue, Austin, Texas, 78701.

Counsel for the State: Attorney Pro Tem **Michael McCrum**, 700 N. Saint Mary's Street, Suite 1900, San Antonio, Texas 78205; Assistant Attorney Pro Tem **David Gonzalez**, 206 East 9th Street, Suite 1511, Austin, Texas, 78701; and **Lisa C. McMinn**, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711.

# INDEX OF AUTHORITIES

## Cases

*Board of Trustees v. Fox*, 492 U.S. 469 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Broadrick v. Oklahoma*, 413 U.S. 601 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

*Garcetti v. Ceballos*, 547 U.S. 410 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11n

*State v. Hanson*, 793 S.W.2d 270 (Tex. App. –Waco, 1990, no pet.). . . . . . . . . 10n

*State v. Johnson*, __S.W.3d __, No. PD- 0228-14 (Tex. Crim. App. 2015).. . . . . . 8

*Ex parte Lo,* 434 S.W.3d 10 (Tex. Crim. App. 2013).. . . . . . . . . . . . . . . . . . . . 5n, 7

*Members of City Council of Los Angeles v.*
      *Taxpayers for Vincent*, 466 U.S. 789 (1984).. . . . . . . . . . . . . . . . . . . . 12-13

*N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1 (1988).. . . . . . . . . . . . . . 12

*Nevada Commission on Ethics v. Carrigan*, 131 S. Ct. 2343 (2011).. . . . . . . . . . . 4

*Olivas v. State*, 203 S.W.3d 341 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . 9, 14

*Ex parte Perry*, __S.W.3d__ No. 03-15-00063-CR
      (Tex. App.–Austin July 24, 2015). . . . . . . . . . . . . . . . . . . . . 2, 7, 10, 13, 14

*Pickering v. Board of Education*, 391 U.S. 563 (1968). . . . . . . . . . . . . . . . . . . . . 13

*Sanchez v. State*, 995 S.W.2d 677 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Stevens*, 559 U.S. 460 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Virginia v. Hicks*, 539 U.S. 113 (2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Washington State Grange v. Washington State*

*Republican Party*, 552 U.S. 442 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Watts v. United States*, 394 U.S. 705 (1969).. . . . . . . . . . . . . . . . . . . . . . . 10n

*United States v. Williams,* 553 U.S. 285 (2008). . . . . . . . . . . . . . . . . . . . . . 15n

**Codes and Rules**

TEX. PENAL CODE §1.07(a)(9)(F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

TEX. PENAL CODE §22.02(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE §31.03(f)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE §36.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

TEX. PENAL CODE § 36.03(a)(1)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. PENAL CODE § 36.03©. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

TEX. PENAL CODE §36.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE §36.07. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE §36.08. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE §39.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE §39.03. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE §39.06. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Secondary Sources**

Model Penal Code, Comment to §240.1,
 Vol 3, at 7-8 (American Law Institute 1980). . . . . . . . . . . . . . . . . . . . . . . . 9

Model Penal Code, Comment to §240.2,
Vol 3, at 49 (American Law Institute 1980). . . . . . . . . . . . . . . . . . . . . . . . .9

No. PD-1067-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

Ex parte James Richard "Rick" Perry

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS OF THE STATE'S**

**PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents her Brief on the Merits of the State's Petition for Discretionary review.

## STATEMENT REGARDING ORAL ARGUMENT

The State's request for oral argument was granted.

## STATEMENT OF THE CASE

Appellant was charged in a two-count indictment with abuse of official capacity (Count I) and coercion of a public servant (Count II). Appellant filed a pretrial application for a writ of habeas corpus seeking to dismiss both counts. The

1

trial court denied relief, and Appellant appealed. On July 24, 2015, the Third Court of Appeals affirmed the trial court's ruling as to Count I and reversed as to Count II. *Ex parte Perry*, __S.W.3d__, No. 03-15-00063-CR (Tex. App.–Austin 2015). This Court granted both Appellant's and the State's petitions for discretionary review on October 7, 2015 and ordered expedited briefing and submission. The deadline for filing the State's brief is October 21, 2015.

## ISSUES PRESENTED

**1) Did the court of appeals incorrectly conflate the tests for First Amendment overbreadth and traditional First Amendment facial unconstitutionality?**

**2) Applying the definition of "coercion" from Tex. Penal Code § 1.07(a)(9)(F), does the coercion of a public servant statute ban a substantial amount of constitutionally protected speech relative to its plainly legitimate sweep?**

## STATEMENT OF FACTS

Count II of the indictment alleges:

Beginning on about June 10, 2013, and continuing through June 14, 2013, in the County of Travis, Texas, by means of coercion, to-wit: threatening to veto legislation that had been approved and authorized by the Legislature of the State of Texas to provide funding for the continued operation of the Public Integrity Unit of the Travis County District Attorney's Office unless Travis County District Attorney Rosemary Lehmberg resigned from her official position as elected District Attorney, James Richard "Rick" Perry, intentionally or knowingly influenced or attempted to influence Rosemary Lehmberg, a public servant, namely, the elected District Attorney for Travis County, Texas, in the specific performance of her official duty, to-wit: the duty to continue to carry out her responsibilities as the elected

2

District Attorney for the County of Travis, Texas through the completion of her elected term of office, and the defendant and Rosemary Lehmberg were not members of the same governing body of a governmental entity, such offense having been committed by defendant, a public servant, while acting in an official capacity as a public servant.

Appellant filed a pretrial writ of habeas corpus arguing, among other things, that the coercion of a public servant statute is unconstitutionally overbroad. The trial court denied relief, and the court of appeals held that the statute is unconstitutional.

## SUMMARY OF THE ARGUMENT

In recent years, this Court has repeated the mantra that the application of the First Amendment overbreadth doctrine is "strong medicine" to be applied rarely and sparingly. Yet this "strong medicine" has become more common. It bears repeating that an overbroad challenge allows a person to whom the statute operates constitutionally to stand in for a hypothetical defendant for whom it does not. For that reason, the claimant justifiably bears the burden of proof. He must prove that the statute not only covers but would "chill" such a substantial amount of protected speech that invalidating the statute to protect hypothetical speakers is preferable to addressing the statute on a case by case, as-applied basis.

Appellant cannot carry that burden. The legitimate sweep of the statute includes unprotected speech in the nature of bribery and extortion. Especially with

3

respect to public servants who speak on behalf of the government and hold positions of public trust, the State has a substantial interest in ensuring they do not exert undue, coercive influence over other public servants by operating outside the realm of their authority. To carry his burden of proof, Appellant must pose a substantial number of realistic hypothetical unconstitutional applications of the statute. Of those he and the court of appeals devised, most fall outside the statute because they do not meet the definition of coercion. What protected speech remains insubstantial when compared to the plainly legitimate sweep of the statute. For that reason, any invalidation of this statute must await a circumstance in which it actually applies unconstitutionally.

## ARGUMENT

**First Amendment Overbreadth Doctrine**

The First Amendment protects against the government's attempt to "restrict expression because of its message, its ideas, its subject matter, or its content." *Nevada Commission on Ethics v. Carrigan*, 131 S. Ct. 2343, 2347 (2011). However, content restrictions on certain categories of speech have been historically permitted and are excluded from First Amendment protections. *United States v. Stevens*, 559 U.S. 460, 468 (2010). Those categories include, among others: obscenity, incitement, and speech integral to criminal conduct. *Id*.

4

The First Amendment overbreadth doctrine acknowledges that, even though a statute regulates speech that is categorically unprotected, it is nevertheless overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 613 (1973). In other words, overbreadth occurs when the statute indisputably covers speech that is not protected by the First Amendment but also includes within its reach a substantial amount of protected speech.

This doctrine "enable[s] persons who are themselves unharmed by the defect in a statute nevertheless to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Board of Trustees v. Fox*, 492 U.S. 469, 484 (1989) (internal citations and quotations omitted). "We generally do not apply the 'strong medicine' of overbreadth analysis where the parties fail to describe the instances of arguable overbreadth of the contested law. " *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n. 6 (2008). In an overbreadth challenge, the claimant bears the burden of proving substantial overreach. *Virginia v. Hicks*, 539 U.S. 113, 122 (2003).[1]

---

[1]In *Ex parte Lo,* 434 S.W.3d 10 (Tex. Crim. App. 2013), this Court improperly placed the burden of proof on the State. *Id*. at 14.

**The statute**

Penal Code Section 36.03(a)(1) provides:

A person commits an offense if by means of coercion he influences or attempts to influence a public servant in a specific exercise of his official power or a specific performance of his official duty or influences or attempts to influence a public servant to violate the public servant's known legal duty.

TEX. PENAL CODE §1.07(a)(9) defines coercion as "a threat, however communicated,"

followed by six alternative definitions. Subsection (a)(9)(F) – "to take or withhold

action as a public servant..." – is at issue in this case. "Threat," in the definition of

coercion, is not defined, but this Court has found "a communicated intent to inflict

harm or loss on another or on another's property" to be an acceptable "ordinary

meaning" definition of the term in the assault statute. *Olivas v. State*, 203 S.W.3d

341, 345-46 (Tex. Crim. App. 2006). Applying these definitions, § 36.03(a)(1)

provides:

A person commits an offense if by means of a *communicated intent to inflict harm or loss on another or another's property*, however communicated, to take or withhold action as a public servant, he influences or attempts to influence a public servant in a specific exercise of his official power or a specific performance of his official duty or influences or attempts to influence a public servant to violate the public servant's known legal duty. (emphasis added).[2]

_____

[2]The italicized text is the plain meaning definition of threat. The underlined text is the §1.07 definition of coercion.

6

A public servant's taking or withholding of an official act is not inherently coercive. But the coercive nature of this definition becomes clear with the insertion of "threat." The "communicated intent to inflict harm or loss" is what makes the "tak[ing] or withhold[ing] [of an official] action" forceful, abusive, and sufficient to overbear the will of another, *i.e.,* coercive.

**Plainly legitimate sweep**

> "[T]he overbreadth question...requires determination whether the statute's overreach is substantial, not only as an absolute matter, but judged in relation to the statute's plainly legitimate sweep."

*Fox*, 492 U.S. at 485. The court of appeals acknowledged that the statute has a legitimate sweep, *i.e.,* it proscribes some speech outside the reach of the First Amendment. *See Ex parte Perry*, Slip op. at 79. ("To be sure, section 36.03(a)(1), as it incorporates paragraph (F), would reach some threats aimed at achieving illicit ends that the State could properly proscribe criminally."). It noted that the statute's legitimate sweep includes solicitation of crimes, some forms of extortion, and bribery. *Id*. at 74-80.

Examples of speech that is not protected by the First Amendment are correctly considered as part of the coercion statute's legitimate sweep, even if that speech could also be legitimately prosecuted under another statute. In *Ex parte Lo*, this Court held that "everything Section 33.021(b) prohibits and punishes is speech and is either

7

*already prohibited by other statutes…* or is constitutionally protected." 424 S.W. 3d at 20 (emphasis added). This passage correctly acknowledges the plainly legitimate sweep of the online solicitation of a minor statute, but then erroneously excludes from that sweep any conduct that is covered by other statutes. The Court made a similar mistake in *State v. Johnson*, __S.W.3d __, No. PD-0228-14, 2015 Tex. Crim. App. LEXIS 1057 *40-41 (Tex. Crim. App. 2015), regarding the flag desecration statute. It refused to consider the act of damaging another person's flag in the statute's legitimate sweep because that conduct is covered by the criminal mischief statute. *Id*. But the fact that statutes might overlap is not a basis for an appellate court to eliminate conduct from the coverage of the statute being challenged. There is no apparent reason to disregard those legitimate applications, except to suggest that the criminal jurisprudence would not be diminished by the statute's absence. But that is a question for the legislature, not the courts.

This Court has recognized that bribery is outside the protection of the First Amendment because it concerns the use of official power to obtain a benefit to which the official is not otherwise entitled. *Sanchez v. State*, 995 S.W.2d 677, 688 (Tex. Crim. App. 1999). Similarly, coercion occurs when a public servant illegally threatens to do indirectly what he does not have the power to do directly. In that sense, coercion and bribery are opposite sides of the same coin. According to the

8

comment to Section 240.2 of the Model Penal Code, "[Threats and Other Improper Influences in Official and Political Matters] is a complement to the crime of bribery." Model Penal Code, Comment to § 240.2, Vol 3, at 49 (American Law Institute 1980).[3] Bribery uses the promise of a benefit to influence the action of a public official, while coercion, like extortion, uses the threat of harm. *Compare* TEX. PENAL CODE §36.02 with §36.03. Both the carrot and the stick can be used as an inducement and can, as the court of appeals recognized, be used simultaneously both to threaten harm and to offer freedom from the threatened harm. In this regard, the court of appeals observed:

> The State can validly prohibit the use of threats in situations where the parties relationship does not provide the threatener a legitimate basis for seeking conduct of the recipient (i.e., he had no right to demand or require it) and where the recipient would have no underlying obligation to consider performing the conduct aside from the threat. Such use of threats might also be said to seek or effect a sort of transaction in which a public servant interjects a threat to take or withhold official action, then offers freedom from the threatened harm solely to exchange for some otherwise-unrelated desired conduct by another public servant whose sole rationale or justification would be avoidance of the threatened harm. In this respect, such threats would achieve an effect

---

[3]The comment to the bribery provision of the Model Penal Code, explains: An attempt to influence official decision by offer of personal gain to the official is corrupt even if the outcome sought by the briber is the lawful and proper one, since the gist of the offense is the effort to secure an improper advantage in the decision-making process. Model Penal Code, Comment to § 240.1, Vol 3, at 7-8 (American Law Institute 1980).

similar to bribery of the recipient.

*Ex parte Perry*, Slip op. at 80.[4]  The State's brief in the court of appeals pointed out legitimate hypotheticals, like a legislator's vote or governor's veto that punishes a police department, district attorney's office, or judicial district if a traffic ticket is not torn up or a prosecution is not dismissed.  State's Court of Appeals' Brief, p. 15-16. Similarly,  a district judge could threaten to dismiss a lawsuit that a legislator filed if he did not vote for judicial pay raises.

The State has an interest in holding public servants to a higher standard due to the positions of power they hold.  This interest is expressed by offenses, in addition to the one at issue, that apply specifically to or increase the penalty if committed by

---

[4]Despite acknowledging the similarity between bribery and coercion, and recognizing the legitimate sweep of the statute, the court of appeals nevertheless followed the rationale of *State v. Hanson*, 793 S.W.2d 270 (Tex. App. –Waco, 1990, no pet.). In that case the defendant, a Bosque County Judge who presided over the commissioners' court, threatened to eliminate funding for the salary of:  1) a district clerk, to coerce the district judge into firing the county auditor; and 2) an assistant district attorney, to coerce the county attorney into revoking a defendant's probation. *Id*. at 271.  The Waco Court deemed the threat to withhold funding to be protected by the First Amendment, because it was not a "true threat." *Id*. at 272, (citing *Watts v. United States*, 394 U.S. 705, 708 (1969)).  But true threats are not the only type of speech that is not protected by the First Amendment. The Waco Court did not address the bribery/extortion theory the State argues here.  The Waco Court ultimately found the coercion statute vague because it did not distinguish between a threat to use lawful authority as opposed to a threat to use unlawful authority. *Id.* at 272-73. It concluded that the coercion statute was unconstitutionally vague as applied, and did not address the overbreadth doctrine.  *Id* .

10

public servants. *See* TEX. PENAL CODE §22.02(b)(1) (increased penalty for aggravated assault); TEX. PENAL CODE §31.03(f)(1) (increased penalty for theft); TEX. PENAL CODE 36.02 Bribery; TEX. PENAL CODE §36.04 Improper influence; TEX. PENAL CODE §36.07 Acceptance of Honorarium; TEX. PENAL CODE §36.08 Gift to Public Servant by Person Subject to his Jurisdiction; TEX. PENAL CODE §39.02 Abuse of Official Capacity, TEX. PENAL CODE §39.03 (Official Oppression); TEX. PENAL CODE §39.06 (Misuse of Official Information). In addition, public servants are required to take oaths of office and abide by ethical rules and codes of conduct that do not apply to private citizens.[5]

---

[5]"When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). *Garcetti* explained that,"Employers have heightened interests in controlling speech made by an employee in his or her professional capacity." *Id*. at 422. It also noted that, while a "delicate balancing of the competing interests surrounding the speech and its consequences" must occur when an employee speaks as a citizen, "when... the employee is simply performing his or her job duties, there is no warrant for a similar degree of scrutiny." *Id*. at 423. *Garcetti* was an employment law case, and arguably, when the State criminalizes speech, it is acting not as an employer, but as a sovereign. But when only the speech of public officials is being criminalized and the prosecution involves a State employee, the State is acting in the dual role of sovereign/employer and the public servant, as a citizen/employee.

11

It is noteworthy that the exception to the coercion statute exempts only members of the same governing body.[6] This expresses the legislature's view that coercion may be appropriate between members of the same branch of government on a level playing field. But the Legislature drew the line at using coercion outside a public servant's sphere of influence, in areas where he would normally have no leverage over another public servant's exercise of power.

**Overbreadth is not realistic or substantial**

"To succeed in [an overbreadth] challenge, appellant must demonstrate from the text of [the statute] and from actual fact that a substantial number of instances exist in which the [l]aw cannot be applied constitutionally." *N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1, 14 (1988). "There must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466

---

[6]"It is an exception to the application of Subsection (a)(1) of this section that the person who influences or attempts to influence the public servant is a member of the governing body of a governmental entity, and that the action that influences or attempts to influence the public servant is an official action taken by the member of the governing body. For the purposes of this subsection, the term 'official action' includes deliberations by the governing body of a governmental entity." TEX. PENAL CODE §36.03(c).

12

U.S. 789, 801 (1984).

The court of appeals discussed several instances of constitutionally-protected speech that would be included in the statute's plainly legitimate sweep. *Ex parte Perry*, Slip op. at 58-60. Not only were most unrealistic, many were not covered by the statute and there has been no showing in "actual fact" of any chilling effect.

For example, the court of appeals held that as a result of this statute, "A manager could not threaten to file or demote a government employee for poor performance." *Id.* at 58. This situation is not covered by the statute because it does not fit the definition of "coercion." The manager is not "tak[ing] or withhold action as a public servant;" he is taking action as an employer or manager over his subordinate. *See Pickering v. Board of Education*, 391 U.S. 563, 568 (1968) (discussing various roles played by both the employer and the employee as either employer/sovereign or employee/private citizen).[7] And the manager is not attempting to influence the employee in "a specific exercise of his official power or a specific performance of his official duty." As the court of appeals noted, by referring to a *specific* exercise of power or performance of duty, the statute demonstrates "that some particular action or conduct by the public servant must be sought and not merely

_____

[7]The employer/employee status would also apply to the court of appeals' hypothetical about a university administrator threatening to withdraw funding from a professor's research program. *Ex parte Perry*, Slip op. at 59.

some effect on the public servant's general comportment in office." *Ex parte Perry*, Slip op. at 49-50. An employee's job performance fits the description of "general comportment in office."[8]

Finally, the hypotheticals regarding a trial judge's threat to declare a mistrial or an appellate judge's threat to file a dissenting opinion are also not compelling. They do not meet the Penal Code § 1.07 definition of coercion, which requires a threat. These actions would not likely be taken as threats because they do not "communicate[] [an] intent to inflict harm or loss on another or another's property." *Olivas*, 203 S.W.3d at 345-46. Any other type of bargaining tool commonly used in the governmental realm is not covered by the statute; only those threats that portend harm sufficient to cause duress are included. Appellate judges make changes to proposed opinions to gain consensus or because they have been persuaded that the would-be dissenter's legal argument is more correct than the view originally proposed, not because they have been forced to take a different stance under threat of harm or loss of property. Only by exceeding the plain meaning of threat can the court of appeals claim such a large amount of constitutionally protected speech.

---

[8]The court of appeals' hypotheticals about an inspector general threatening to investigate an agency's financial dealings and a prosecutor's threat to prosecute a public servant are also invalid for this reason. The threats are not aimed at influencing the exercise of a specific power or duty.

14

**Chilling effect is not realistic**

Even assuming the validity of some of the court of appeals' hypotheticals,[9] there is no evidence that in the years since the coercion statute was enacted, any public servant has been chilled, *i.e.*, has abstained from any of the valid speech the court of appeals maintains is covered by the statute. The overreach of the statute has not been demonstrated to be realistic or substantial. "Although [broadly worded laws], may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face." *Broadrick*, 413 U.S. at 615. When a law is not *substantially* overbroad, "whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Id*. at 615-16.

There is no debate that the plainly legitimate sweep of the statute includes acts of influence peddling, bribery, and extortion. But its plain language criminalizes few of the hypotheticals relied upon by the court of appeals to establish a substantial amount of protected speech relative to that legitimate sweep. If, as applied to Appellant, the statute is unconstitutional, that determination can be made at trial after

---

[9]*See United States v. Williams,* 553 U.S. 285, 301 (2008) (noting "the tendency of our overbreadth doctrine to summon forth an endless stream of fanciful hypotheticals.").

15

the evidence is known instead of speculating about whether unknown parties' First

Amendment rights have been chilled.

# **PRAYER FOR RELIEF**

WHEREFORE, the State of Texas prays that this Court reverse that part of the decision of the court of appeals holding TEX. PENAL CODE § 36.03(a)(1), incorporating TEX. PENAL CODE §1.07(a)(9)(F) facially unconstitutional and otherwise affirm its decision.

Respectfully submitted,

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

17

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the WordPerfect word count tool this document contains 4446 words.

<u>/s/ LISA C. McMINN</u>
LISA C. McMINN
State Prosecuting Attorney

18

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21ˢᵗ day of October 2015, the State's Brief on the Merits of the State's Petition for Discretionary Review was served via certified electronic service provider to:

Anthony G. Buzbee
Tbuzbee@txattorneys.com

David L. Botsford
dbotsford@aol.com

Thomas R. Phillips
tom.phillips@bakerbotts.com

Michael McCrum
michael@McCrumlaw.com

David Gonzalez
david@sg-llp.com

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney

19